## PEOPLE v. COHEN.

(Supreme Court, Special Term, Erie County. March 3, 1916.)

1. STATUTES ⬤⟿241—CONSTRUCTION—USE OF WORDS.
  In construing a statute which makes penal an act not before forbidden by law, while the language employed should be given a reasonable construction, to effect the purpose of the Legislature, it cannot be enlarged, so as to make penal what is not plainly written in the statute itself; but the words of the statute should be given their ordinary and usual meaning, so as not to make out a crime by implication.

  [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 322, 323; Dec. Dig. ⬤⟿241.]

2. POISONS ⬤⟿4—DANGEROUS DRUGS—"DISPENSE"—STATUTES.
  Under section 248 of the Public Health Law, as added by Laws 1914, c. 363, and amended by Laws 1915, c. 327, providing that all persons authorized by law to handle dangerous drugs shall keep certain records of such drugs when "dispensed, given away or in any manner delivered," and declaring a violation of the section a misdemeanor, and section 246, forbidding the delivery of such drugs without a physician's prescription, and providing for records of such delivery, a physician who wrote prescriptions for dangerous drugs without keeping a record of the transactions was not guilty of a violation of section 248, as he did not "dispense" the drugs himself; the statute making a distinction between the "dispenser" of the drugs and the physician who writes the prescription.

  [Ed. Note.—For other cases, see Poisons, Cent. Dig. § 2; Dec. Dig. ⬤⟿4.

  For other definitions, see Words and Phrases, First and Second Series, Dispense.]

David Cohen was charged with violating the Public Health Law, and he interposes a demurrer to the indictment. Demurrer sustained, and indictment dismissed.

. Alfred L. Harrison, of Buffalo, for the demurrer.

Herbert B. Lee, Asst. Dist. Atty., of Buffalo, opposed.

WHEELER, J. The indictment alleges the defendant to have been a regularly licensed physician, and charges him with violating section 248 of the Public Health Law, as amended by the Laws of 1914, in that:

The "said David Cohen, on the 15th day of May, 1915, * * * did issue to one Lizzie Williams and to other persons to the grand jury aforesaid unknown * * * certain prescriptions for profit, said prescriptions calling for heroin, morphine, and cocaine, and other dangerous drugs, and thereafter did fail to make and keep a record of the name of the person to whom he, the said David Cohen, did issue said prescriptions, and to whom the said David Cohen did deliver the said prescriptions, for the purpose of disposing of said heroin, morphine, cocaine, and other dangerous drugs, together with the quantity of said drugs which the said David Cohen had prescribed," etc.

The section of the Public Health Law which the defendant is charged with violating reads as follows:

"Sec. 248. Physicians, etc., to Keep Records. All persons authorized by law to sell, administer, prescribe, dispense or dispose of any of the drugs enumerated in section 245 of this chapter shall forthwith keep on record the name and address of each person to whom such drug is dispensed, given away or in any manner delivered, and the quantity so dispensed, given or delivered, and shall likewise keep a record of any disposition made of any quantity of such drug, referred to, whether such disposition is in preparation of compounds or otherwise, and if used in the preparation of compounds, the quantity so used in each compound and where placed. Such record shall be preserved for two years, and shall always be open for inspection by the proper authorities, and violation of this section is hereby declared to be a misdemeanor." Laws 1915, c. 327.

The point of law raised by the defendant on this demurrer is that section 248 of the Public Health Law does not require physicians simply writing prescriptions to make any record of the name and address of persons to whom the prescription may be given, that the statute only requires this to be done where the physician administers or disposes of the drugs themselves, and that writing and delivering a prescription for such drugs is not dispensing or delivering them, within the provision of the statute.

It is conceded that, if the defendant had delivered to the parties named the drugs prescribed, then it would have been a violation of the statute to have failed to have kept a record as required by the section quoted; but it is urged that there is a broad distinction between administering, and the dispensing of the drug itself, and the mere writing of a prescription, which on presentation to a druggist or pharmacist would enable the holder to obtain the drug prescribed.

[1] The validity of the indictment would seem to turn on the meaning to be given the word "dispense," as employed in section 248 of the act. In giving a construction to this section we must bear in mind the statute makes penal the doing of something not before forbidden

by law. While the language employed should be given a reasonable construction for the purpose of carrying into effect the purpose of the Legislature in framing the statute, it cannot be enlarged, so as to make penal what is not plainly written in the statute itself. Words employed in such a statute should be given that ordinary and usual meaning, and should not be so construed as to make out a crime by implication.

[2] "To 'dispense' is to deal out; to distribute; to give." Johnson v. City of Chattanooga, 97 Tenn. 247, 36 S. W. 1092; Words and Phrases Judicially Defined. A "prescription" is a mere formula for the preparation of a drug and medicine. It may be filled or not, as the person to whom it is given elects; but until it has been filled, and the substance delivered, we think there is no "dispensing" of the drug itself. A "dispensary" is a place where the drug is prepared or distributed. We therefore are of the opinion that a physician, who merely writes a prescription and does nothing more, cannot be said to "dispense" the drug or article described in the prescription. It is well known that many physicians do in fact keep on hand and deliver to their patients medicines which they prescribe. Others do no more than write the prescription and give it to the patient, to have it prepared and filled by the druggist or pharmacist.

Where the physician not only writes the prescription, but himself delivers the drug to the patient, he undoubtedly brings himself within the requirements of the act requiring him to "keep on record the name and address of each person to whom such drug is dispensed." We do not think this is required, however, where the drug itself is not delivered by the physician. When we examine the other provisions of the Health Law relating to the handling and sale of noxious drugs, it will be seen that all the real objects and purposes of the act are accomplished without requiring the physician simply writing the prescription to keep the record prescribed in the act.

Section 246 of the Health Law makes it unlawful for any person to sell or give away any of the drugs mentioned in section 245 without first receiving a written prescription, signed by a duly licensed physician, veterinarian, or dentist. The prescription must contain the name of the physician issuing such prescription, his office address, his office hours and telephone number, and the name, age, and address of the person to whom and the date on which such prescription is issued. Before selling or retailing any such drugs the seller must first verify the authority of any such prescription, such verification to be made by telephone or otherwise. Such prescription shall be retained "by the person who 'dispenses' the same," and shall be kept on the general prescription file, and given a regular consecutive number on such file. He must "at the time of 'dispensing' the same" place on the package a label, or deliver a certificate stating the name and address of the person furnishing the same, the name and address of the physician upon whose prescription such sale is made, the date of sale, and the name of the person to whom such sale is made. The section then provides that any person who shall possess any such drugs other than licensed druggists "shall be guilty of a misdemeanor,

157 N.Y.S.—38

unless said possession is authorized by the certificate described in this section."

It will thus be seen that the law carefully provides that the prescribed drugs can only be sold or dispensed on a physician's prescription, but also provides for the filing and preservation of the prescription itself, so that any user of these noxious drugs can quickly and readily show by what right or authority he has them in his possession, by referring to the records and files of the druggist or pharmacist from whom he procured them. It is difficult to discover how any useful or practical purpose would be served by requiring physicians, who do not themselves sell and dispense these drugs, to keep a record of such prescriptions, for in such cases the identical record is preserved for public use by those who dispense the drug.

The argument is that, inasmuch as the substantial purposes of the act are met by the preservation of prescriptions, by keeping them on file at the druggist's or pharmacist's, the words "dispense" and "give," as used in the statute, should be given their ordinary and natural meaning, and not the forced meaning contended for by the district attorney. And in this connection it is well to note that section 246 seems to define the meaning of the "dispenser" of the drug as those who prepare, sell, or give away the drug itself, as distinguished from the physician who writes the prescription.

The view which we take of the matter as to its main features makes it unnecessary for the court to discuss the other objections raised by counsel for the defendant as to the sufficiency of the indictment. We think the demurrer to the indictment good, and that the indictment should be dismissed.

So ordered.