**EWING–VON ALLMEN DAIRY CO., Inc., et al. v. C AND C ICE CREAM CO., Inc.**

No. 8089.

Circuit Court of Appeals, Sixth Circuit.

Feb. 15, 1940.

Marvin H. Taylor, of Louisville, Ky. (Edward P. Humphrey, Marvin H. Taylor, and Humphrey & Taylor, all of Louisville, Ky., on the brief), for appellants.

Joseph Solinger and Claude Hudgins, both of Louisville, Ky., for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal from a judgment rendered in an action at law for damages for alleged violation of the Sherman Anti-Trust Act and the Clayton Act, Title 15, Sections 1, 2 and 15, U.S.C., 15 U.S.C.A. §§ 1, 2, 15.[1] The jury found for the plaintiff below, and determined the damages to be $1,000, which sum, in accordance with Title 15, Section 15, U.S.C., 15 U.S.C.A. § 15, was trebled by the court.[2]

The Ewing-Von Allmen Dairy Company manufactured ice cream and sold its entire output to the National Ice Cream Company an affiliate, which in turn sold and distributed it to retail dealers in Louisville, Kentucky. In 1933, Paul D. Coss, his father and brother, formed a partnership in Louisville, known as the C and C Ice Cream Company, which was later incorporated. They sold ice cream direct to the public in the form of "double-dip" ice cream cones, and opened stores at various points around Louisville for this purpose. Appellants, in an endeavor to prevent appellee from usurping their already established market, opened numerous retail stores for the sale of ice cream cones, and proceeded to compete vigorously with appellee.

Appellee alleged that appellants conspired together "in restraint of commerce among the several states to create a monopoly and did attempt to monopolize the trade in ice cream among the several states of the United States in violation of Secs. 1 and 2 of the Sherman Anti-Trust Law and the Clayton Act." The gravamen of appellee's complaint is that appellants opened stores near appellee's places of business in Louisville; that their cones contained so much ice cream (9 to 13 ounces) for five cents that appellee could not compete; that the ice cream was sold at less than cost, and that the primary purpose of appellants was to drive appellee out of business.

The sole question is whether acts of the appellants in competition with the appellee have such a direct relation to interstate commerce as to affect and burden it within the purview of Title 15, Sections 1 and 2, U.S.C., 15 U.S.C.A. §§ 1, 2, and the decisions applicable thereto. Cf.

---

[1] Title 15, § 1, U.S.C., 15 U.S.C.A. § 1. "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal. Every person who shall make any such contract or engage in any such combination or conspiracy, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be punished by fine not exceeding $5,000, or by imprisonment not exceeding one year, or by both said punishments, in the discretion of the court."

§ 2. "Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be punished by fine not exceeding $5,000, or by imprisonment not exceeding one year, or by both said punishments, in the discretion of the court."

§ 15. "Any person who shall be injured in his business or property by reason of anything forbidden in the anti-trust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

[2] Other ice cream companies were named defendants, but the District Court directed a verdict in their favor, and only the Ewing-Von Allmen Dairy Company, Inc., and the National Ice Cream Company are involved in this appeal.

Santa Cruz Fruit Packing Co. v. National) Labor Relations Board, 303 U.S. 453, 58 S. St. 656, 82 L.Ed. 954. If so, the judgment must be affirmed.

While the bulk of the raw ingredients used by the parties in the manufacture of ice cream cones comes from Kentucky, the gelatin, fruits, flavoring and part of the milk come from outside the state. It is not shown that appellants' acts have resulted in any reduction or monopolization of these supplies. Cf. United Leather Workers' International Union v. Herkert & Meisel Trunk Co., 265 U.S. 457, 44 S.Ct. 623, 68 L.Ed. 1104, 33 A.L.R. 566. During the three years here involved (1933, 1934, and 1935) more than ninety-nine per cent. of appellants' product was sold within Kentucky, and that which was sold outside of Kentucky was distributed through independent dealers and not through retail stores operated by appellants. All of the ice cream sold in this price-war was sold within Louisville and Jefferson County, Kentucky.

The Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, derives its authority from the power of Congress to regulate commerce among the states. Blumenstock Brothers Advertising Agency v. Curtis Publishing Co., 252 U.S. 436, 40 S.Ct. 385, 64 L. Ed. 649. Assuming that transactions constituting intrastate commerce may come within the provisions of the Sherman Act (Local 167 v. United States, 291 U.S. 293, 297, 54 S.Ct. 396, 78 L.Ed. 804), it still is necessary that appellee prove that the dealings of appellants, which form the subject matter of the complaint, operate substantially and directly to restrain and burden interstate commerce. Cf. Santa Cruz Fruit Packing Co. v. National Labor Relations Board, supra.

We do not regard the transactions complained of as creating a direct and substantial burden on interstate commerce. The ingredients which came from without the state ceased to be a part of interstate commerce when manufactured and sold in Kentucky. The sales in appellants' retail stores were entirely of a local nature, made after all transportation, local and interstate, had ceased, and were beyond the regulatory power of Congress over interstate commerce. Foster & Kleiser Co. v. Special Site Sign Co., 9 Cir., 85 F.2d 742. Competition between the parties in Louisville and Jefferson County in no way affected interstate commerce, and the record contains no proof of conspiracy to restrain such commerce. Lipson v. Socony Vacuum Corp., 1 Cir., 87 F.2d 265.

The court erred in overruling appellants' motion for directed verdict.

The judgment is reversed and the case remanded for further proceedings in accordance with this opinion.