## UNITED STATES v. CRESCENT AMUSEMENT CO., Inc., et al.
### No. 54.

District Court, M. D. Tennessee.
Feb. 21, 1940.

Horace Frierson, Jr., U. S. Dist. Atty., and O. W. Hughes, Asst. U. S. Dist. Atty., both of Nashville, Tenn., Frank Murphy, Atty. Gen., Thurman Arnold, Asst. Atty. Gen., and Wendell Berge, Holmes Baldridge, Paul Williams, and Robert E. Sher, Sp. Assts. to Atty. Gen., for plaintiff.

McConnico, Armistead, Waller & Davis and Cornelius, McKinney & Gilbert, all of Nashville, Tenn., Canale, Glankler, Lock & Little, of Memphis, Tenn.; Dwight, Harris, Koegel & Caskey, Donovan, Leisure, Newton & Lumbard, and R. W. Perkins, all of New York City, and Mitchell & Poellnitz, of Florence, Ala., for defendants.

DAVIES, District Judge.

This cause is before the Court upon several separate motions, filed by various defendants for an order requiring plaintiff to furnish a more definite statement and a bill of particulars, and other matters, which will be acted upon separately.

The defendants, Loew's Incorporated, Warner Brothers Pictures, Incorporated, Vitagraph, Incorporated, Paramount Pictures, Incorporated, Paramount Film Distributing Corporation, and Twentieth Century Fox Film Corporation, have filed identical motions, and for the purpose of this opinion, these motions will be treated as one.

The defendants, Columbia Pictures Corporation, United Artists Corporation, Universal Pictures Company, Incorporated, and Universal Film Exchanges, Incorporated, have filed a joint motion, as have also the defendants, Crescent Amusement Company, Lyric Amusement Company, New Strand Company, Cumberland Amusement Company, Strand Enterprises, Incorporated, Rockwood Amusements, Incorporated, Cherokee Amusement Company, Incorporated, Kentucky Amusement Incorporated, Anthony Sudekum, R. E. Baulch, and Kermit C. Stengel, hence this matter will be disposed of as if upon three separate motions.

The first two motions hereinabove referred to, relating only to requiring plaintiff to furnish a more definite statement and a bill of particulars, will be considered to-

gether, and in conjunction with division III of the third motion.

■ It is insisted by counsel for the plaintiff that the motions should be overruled, and the defendants required to seek the information desired by serving interrogatories on plaintiff, as provided for in Rule 33, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c. Upon due consideration thereof, the Court is of the opinion that interrogatories as provided for under Rule 33 are not considered as a preliminary step in the formation of pleadings but may be utilized for the purpose of obtaining evidentiary matters, after pleadings have been formulated; and likewise, information sought on evidentiary matters obtainable by interrogatories may not properly be obtained by a bill of particulars. Wisconsin Alumni Research Foundation v. Vitamin Technologist, Inc., D.C.S.D.California, 1 F.R.D. 8, December 8, 1939.

■ The Court is therefore of the opinion that the proper method of obtaining a more definite statement of facts not averred with sufficient definiteness or particularity, in the original complaint to enable defendant to properly prepare his responsive pleadings, is by a motion for a more definite statement or for a bill of particulars under Rule 12(e), and this view has apparently been adopted by a large number of courts throughout the country. To hold otherwise would be placing a limitation upon the function of the new rules, not contemplated in their formulation, and would not be giving that liberal construction necessary for their successful application. The motions in question are rather voluminous and contain demands for particulars of numerous items; the Court has considered each item separately, and in the light of what would be necessary for the purpose of answering the complaint. A large number of the particulars demanded are obviously evidentiary in character and should not be granted. The motions for these demands will, therefore, be granted in part and denied in part, and separate orders have been prepared indicating the action of the Court upon each request. These orders will be filed with this opinion, and will dispose of the two motions referred to in the motion of Loew's, Incorporated, et al., and the motion of Columbia Pictures, Corporation, et al.

■ The motion of the Crescent Amusement Company, et als., will next be considered. The first division of the motion seeks to require plaintiff to recast paragraphs 45 to 55, inclusive, for the reason that the allegations of said paragraphs, when treated together, are so repugnant, vague and obscure that defendants are unable to determine the theory or theories upon which plaintiff predicates the averments that defendants have violated Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1, 2. The Court is of opinion that the objection set forth in this division of the motion will largely be eliminated by the action of the Court in granting the requests for the bill of particulars, and such as are not, the Court does not feel are sufficient to require plaintiff to recast the objectionable paragraphs. This division of the motion, will, therefore, be denied.

■ In the second division of the motion, defendants, under Rule 12(f), move to strike paragraph 54 of the complaint, the material part of which is the objection that a part of the paragraph avers the employment of strictly local means to accomplish a strictly local object, that is, a monopoly of the business of operating motion picture theaters in various towns or areas, and that the matters so averred do not come under the ban of the Sherman Anti-Trust Law. The particular averments in paragraph 54 to which this ground of the motion is directed are as follows: "In addition defendant exhibitors have lowered their prices, given away large sums of money as prizes and operated some of their theaters at a loss with the purpose and effect of driving their competitors out of business and giving defendant exhibitors a monopoly in the exhibition of motion pictures in the area in which they operate."

Of course, the lowering of prices, giving away large sums of money as prizes, and operating theaters at a loss are of a purely local nature; it is not averred that these acts were committed by the defendant exhibitors pursuant to a conspiracy entered into with the defendant distributors. While of course, motion pictures shown at local theaters are shipped in interstate commerce to the exhibitor, yet, after the film comes to rest at its point of delivery, the showing of the picture and the operation of the theater is purely a local matter, and it is not averred in the complaint that the acts complained of have in any way diminished the shipment of films in interstate commerce, nor have the particular acts resulted in a monopoly of the supply of motion pic-

ture films. The monopoly complained of must be such as to restrain or unduly burden interstate commerce. The Court is of opinion that such local acts in themselves, not alleged to have been part of a conspiracy for the purpose of restraining interstate commerce, do not directly restrain and burden interstate commerce, and the Court does not regard the acts alleged as creating a direct and substantial burden on interstate commerce. Blumenstock Brothers Advertising Agency v. Curtis Publishing Company, 252 U.S. 436, 40 S.Ct. 385, 64 L. Ed. 649; Foster & Kleiser Co. v. Special Site Sign Company, 9 Cir., 85 F.2d 742; Ewing-Von Allmen Dairy Co., Inc. v. C. & C. Ice Cream Company, Inc., 6 Cir., 109 F. 2d 898, February 15, 1940. Leave to amend not having been asked, the motion of defendant is therefore granted as to that part of paragraph 54 above indicated.

As to divisions three and four, being a request for a bill of particulars, these divisions are granted in part and denied in part, as indicated in an order filed herewith.