In the Matter of the INCORPORATED VILLAGE OF HEMPSTEAD, NASSAU COUNTY, Relative to Acquiring Title to Real Property Bounded by North Franklin Street and Other Streets, to be Used as Parking Places.

Supreme Court, Special Term, Nassau County, March 3, 1955.

*Frederick C. Edel* for Incorporated Village of Hempstead.

*Nicholas J. Ferry* for Co-ordinating Council.

CHRIST, J.   This is a proceeding instituted by the Village of Hempstead for acquiring by condemnation certain parcels of real property for use as a municipal parking field.   More than 40% of the area to be acquired is owned by a corporation of which the mayor and one of the village trustees are stockholders and directors.   The village has applied to this court to have the compensation which should be made to the respective owners of property to be taken ascertained and determined by the court

without a jury and to have the cost of the improvement assessed by the court upon the real property deemed by the village board to be benefited thereby. The application is opposed by a property owner of the village upon the ground that the interests of the mayor and the trustees in the corporation is an interest of the type prescribed by section 332 of the Village Law and section 1868 of the Penal Law and that such interest renders the action of the village board in unanimously voting to acquire real property owned by the corporation illegal, null and void.

The court is of the opinion that section 1868 is not applicable to the facts here presented. The interest which is prohibited by that section is that of a public officer becoming voluntarily "interested individually in  *  *  * [a] sale, lease or contract, directly or indirectly," when by reason of his official position he has authority to make the sale, lease or contract. This is a criminal statute and the language which it uses should be given its ordinary and usual meaning and should not be construed so as to make out a crime by implication (*People* v. *Cohen,* 94 Misc. 355; cf. *People* v. *Stoll,* 242 N. Y. 453, 466). Each of the types of transactions at which the statute is directed is contractual in nature. In addition, the statute contemplates some voluntary action on the part of the public officer placing himself in a position to benefit, directly or indirectly, from the sale, lease or contract. The court does not imply that factual situations may not arise which, though not conforming strictly to the conventional pattern of a sale, lease or contract, will be found on a realistic analysis to be sufficiently akin to the proscribed contractual transactions to warrant the application of the statute. All that is required to be passed upon in the present proceeding is whether the interest of these two public officials is sufficient to invalidate an exercise of the municipality's power of eminent domain. It seems clear that acquisition of real property by condemnation possesses no contractual attributes. Its very nature is opposed to the idea of contractual relationship since it is a power to take property in spite of the owner's objection so long as just compensation is made. The statute is not directed at the sort of interest with which the court is concerned on this application. It may well be that just as the Legislature saw fit to provide for an exception as to certain transactions of a contractual nature where there existed an opportunity for audit or approval by some other official, it was not believed necessary to provide for cases arising out of condemnation proceedings upon the theory that such proceedings are conducted under the supervision of the courts with adequate

protection for the interests of the municipality. In any event, the court is unable to spell out of the facts before it a violation of section 1868 of the Penal Law. The court does not regard *Marjohn Realty Co.* v. *City of Long Beach* (122 Misc. 763, affd. 211 App. Div. 805) as being in conflict with the position taken in this case. A careful reading of the cited case indicates quite clearly that the court considered it was dealing with a factual situation which was essentially contractual in nature.

Consideration must next be given to section 332 of the Village Law. It will be observed that this section is designed to treat three types of transactions in which a village officer may have an interest: (1) contracts in which he is directly or indirectly interested and which he or a board of which he is a member is authorized to make on behalf of the village; (2) the furnishing of work or materials by the officer to the village; and (3) action taken by the village officer, as such, in any matter or proceeding which involves the acquisition of real property for a public improvement where the property to be acquired is then owned by the village officer. On the facts involved in this proceeding only the last of these three categories is involved.

The question to be resolved here is whether the relation of the two municipal officials to the corporation as directors and stockholders constituted an interest which prohibited them from acting in this proceeding for the acquisition of the corporation's real property for purposes of a public improvement. Were there no specific statute involved, common-law principles governing conflicting interests of public officials would be pertinent. The fact is, however, that the Legislature has spoken on the subject of a village official having an interest in real property which is to be acquired for a public improvement by a village. In so speaking the Legislature has elected not to rely on the general common-law principles of conflicting interest and has substituted its own statutory standard of what is to constitute a prohibited interest. The language employed is plain and in the absence of compelling reasons for doing otherwise it should be given its normal meaning (*McCluskey* v. *Cromwell*, 11 N. Y. 593, 601 *et seq.*). The language refers to " the acquisition of real property then owned by him ". (Village Law, § 332.) It would appear to have in view real property of which the public official is himself the owner as an individual. Is the language susceptible of an interpretation which would make the phrase " then owned by him " mean as well " owned by a corporation of which the public official is a director or stockholder "? To give such additional meaning not only requires casting aside

the normal meaning which the language employed connotes, but it is also required that the legislative choice of language in the section as a whole be disregarded. It will be noted that in the portion of the section which prohibits an interest in a contract, the statutory ban is against the public official's being " directly or indirectly interested " (Village Law, § 332) in a contract which he is authorized to make in behalf of the municipality. No citation of authority is necessary to demonstrate that such broad language encompasses the interest which an official has by reason of his connection with a corporation. But the fact is apparent on the face of the statute that the Legislature chose far more restricted language in dealing with the matter of acquiring real property for a public improvement. It must be assumed that such choice of language was purposeful and not the result of legislative oversight or inadvertence. Similarly, the court may not ascribe to language not burdened with obscurity or vagueness a meaning other than that evidently intended. Just as the Legislature in enacting section 1868 of the Penal Law saw fit to provide for exceptions in regard to contracts that were subject to audit or approval by some other governmental authority, so here it cannot be said that the Legislature was without a reasonable basis for drawing a distinction between transactions which fall in the first two categories described in section 332 and those which fall into the third category of the section. An obvious difference is to be found in the fact that in condemnation proceedings the matter of compensation for land taken is determined under court supervision. It is urged that failure to extend the principle that municipal officials should be free of conflicting interests to a situation like that now before the court will provide a means for evading a policy designed to assure high standards of conduct on the part of officials. Opinion may differ as to the degree of danger to be anticipated, but it must be noted that the Legislature has made a clear distinction in dealing with the acquisition of real property for a public improvement. The same broad language which was used when treating of contractual transactions could have been employed with respect to land acquisition, but the Legislature did not do so. (Cf. Nassau County Government Law [L. 1936, ch. 879, as amd.], §§ 2202, 2203.) If the broader application of the statute is required it should come as the result of clear legislative direction.

On the facts presented and the statutory provisions involved the court cannot find that the action taken by the village board was illegal and the application is therefore granted.