**UNITED STATES of America**
**v.**
**George H. GIBSON.**
**No. 17899.**

United States District Court
E. D. Pennsylvania.
Nov. 14, 1955.

W. Wilson White, Philadelphia, Pa., for the United States.

Joseph Ominsky, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

The defendant was tried without a jury and adjudged guilty upon two counts of an indictment which charged him with having, on October 12 and October 16, 1953, dispensed certain drugs without a prescription in violation of the Federal Food, Drug, and Cosmetic Act. This Act prohibits, inter alia, the misbranding of any drug held for sale after shipment in interstate commerce.[1] Misbranding is defined to include the dispensing of the drug contrary to the provisions of the Act.[2] The drug involved in this case was one which the Act required to be dispensed upon a physician's written prescription.

Defendant bases his motion for a new trial on three grounds. The first, that Exhibit 5 was improperly admitted, is wholly devoid of merit. The testimony of Mrs. Allen and Mr. Schneider adequately identified this exhibit as the purchase made from the defendant by Mrs. Allen on October 16, 1953.

The next contention is that in ascertaining the meaning of "misbranded" no consideration may be given to the statutory definition. The two sections must be read together to ascertain the meaning of "misbranded" as used in the Act. It is provided that the prohibited act of dispensing such drug without prescription "shall be deemed to be an act which results in the drug being misbranded while held for sale."[3]

Defendant's final contention is that the defense of entrapment should have been sustained with resultant acquittal. The trial judge very carefully considered the evidence in light of the principles applicable to the defense of entrapment as announced in Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413; United States v. Sawyer, 3 Cir., 210 F.2d 169 and United States v. Moses, 3 Cir., 220 F.2d 166. The trial judge concluded that the criminal design here was not created by the conduct of the public officers or their lay assistant, Mrs. Allen; but that, on the contrary, the defendant, already disposed to make such a prohibited sale, readily seized the opportunity which was afforded by the officers through Mrs. Allen.

The evidence to support the conclusion of the trial judge was ample. Mrs. Allen was employed by the Food and Drug Administration as a laboratory helper. She occasionally assisted the in-

1. 21 U.S.C.A. § 333.

2. Id., § 353(b) (1).

3. Ibid.

spectors in their investigations. On October 5, 1953 she first visited defendant's pharmacy and told him she was "a little late". She asked the defendant if he would give her something to help. Defendant asked if she had ever taken anything before. She described a tablet by shape and color and defendant told her he had none on hand but would get it for her on Friday. Defendant then took out a book and wrote the word "ergot". Defendant gave her some pills to take meanwhile.

On October 12 Mrs. Allen returned to the defendant's pharmacy. As she approached the counter defendant asked: "Didn't it help?" He then sold her, without the required prescription, the package of Savatan. He first stated the price as $2 and then increased it to $5. When Mrs. Allen asked if there were any directions in the package defendant told her that there were not because they were supposed to be sold with a prescription. He then instructed her to take two every three hours and two at bedtime followed by a hot toddy.

Mrs. Allen again visited the pharmacy on October 16, 1953. Defendant inquired how she felt and asked: "Did it work?" She informed defendant that it had worked a little but not as well as she had hoped. Defendant then said to Mrs. Allen "Maybe another dose would do the trick." She said she had been about to suggest that and defendant sold her, without prescription, another package of the drug for $5. Defendant requested no prescription at the time of either sale.

Defendant testified that he sold Mrs. Allen quinine and cascara on her first two visits but admitted the sale of the drug, without prescription, on her third visit. However, a letter prepared and signed by defendant, dated January 15, 1954, admitted the two sales of the drug to Mrs. Allen, without prescription, on the dates in question. Defendant further testified that he had made sales of the same drug six or seven years before and that no prescription was then required and that he was unaware that a

prescription was required at the time of the sales to Mrs. Allen. This testimony is in direct conflict with the testimony of Mrs. Allen, which the trial judge credited, to the effect that defendant told her that there were no directions in the package because the contents were supposed to be sold with a prescription.

Motion dismissed.