UNITED STATES of America

v.

AN ARTICLE OR DEVICE CONSISTING OF 31 UNITS (cabinet and chair), more or less, labeled (metal plate on cabinet) "GONSERTRON CORPORATION," an unknown number of additional chairs, and pamphlets entitled "Gonsertron Therapy—A New Concept in the Field of Electrotherapy".

Civ. A. No. 19428.

United States District Court
E. D. Michigan, S. D.

Nov. 4, 1959.

Fred W. Kaess, U. S. Atty., Donald F. Welday, Jr., Asst. U. S. Atty., Detroit, Mich., for libelant.

Oscar W. Baker, Baker & Baker, Bay City, Mich., Robert A. Jenkins, Hill, Lewis, Andrews, Granse & Adams, Detroit, Mich., of counsel, for claimant.

LEVIN, Chief Judge.

This is a motion to dismiss the Government's libel of information, filed pursuant to 21 U.S.C.A. § 334, against an electrotherapy device consisting of "31 units (cabinet and chair), more or less, labeled (metal plate on cabinet) 'Gonsertron Corporation,' an unknown number of additional chairs, and pamphlets entitled 'Gonsertron Therapy—A New Concept in the Field of Electrotherapy.' "

The accused device was manufactured by the Gonsertron Corporation in Michigan. Nine component parts received by the corporation from various states in the union were used in the manufacturing process. These component parts are in common use in industry. None of them were made to the specifications of the manufacturer of the device. The device was not sold or held for sale outside of the State of Michigan.

Sec. 334(a) of 21 U.S.C.A. provides that a misbranded device may be proceeded against on libel of information and condemned in any District Court of the United States within the jurisdiction where the article is found "when introduced into or while in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce."

The Government agrees that the manufactured device was not introduced in interstate commerce or held for sale in interstate commerce. It contends, however, that Sec. 321(h) of 21 U.S.C.A. defines device to mean "instruments, apparatus, and contrivances, including their components, parts, and accessories," and therefore concludes that since some of the components used in the manufacture of the device were transported in interstate commerce, the device must also be considered to have been introduced in interstate commerce. Sec. 321(h) merely provides that if a device is subject to libel, all the component parts and accessories are also subject to libel. Neither the language of Sec. 321 (h) nor the cases cited by the Government support the construction of Sec. 321(h) that the Government urges.

Moreover, if Sec. 321(h) were construed to give this Court jurisdiction by virtue of the shipment of the components to Michigan, grave doubt would exist as to its constitutionality. For example, in Ewing-Von Allmen Dairy Co. v. C and C Ice Cream Co., Inc., 6 Cir., 109 F.2d 898, 900, the Court states:

"The ingredients which came from without the state ceased to be a part of interstate commerce when manufactured and sold in Kentucky. The sales in appellants' retail stores were entirely of a local nature, made after all transportation, local and interstate, had ceased, and were beyond the regulatory power of Congress over interstate commerce." See, also, Lawson v. Woodmere, Inc., D.C., 120 F.Supp. 267.

However, in view of my holding that Sec. 321(h) does not attempt to regulate devices solely by reason of the fact that they contain component parts shipped in interstate commerce, I do not reach the constitutional question.

An order will be entered dismissing the libel of information.