**UNITED STATES of America**

**v.**

**An article of drug consisting of 39 CAS-ES, MORE OR LESS, each containing 48 60-tablet bottles, and 1 case, containing 24 60-tablet bottles, more or less, labeled in part (bottle): "MICH. BRAND KORLEEN TABLETS, Contains: Choline Citrate, Inositol, Methionine, Cysteine, Niacinamide, Thiamin (Vitamin $B_1$) with excipients. 60 tablets * * * Lelord Kordel of Michigan, Detroit * * * 6009", etc.**

**Civ. A. No. 20215.**

United States District Court
E. D. Michigan, S. D.

March 14, 1961.

George E. Woods, Jr., U. S. Atty., Jerome A. Moore, Asst. U. S. Atty., Detroit, Mich., for libelant.

Solomon H. Friend, Bass & Friend, New York City, for claimant.

LEVIN, Chief Judge.

The claimant has filed this motion for partial summary judgment on the ground that the seized "Michigan Brand Korleen Tablets" were not shipped in interstate commerce or held for sale after shipment in interstate commerce and consequently are not subject to the provisions of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 et seq.

The Government, in the libel of information, alleged that the Korleen Tablets were misbranded while being held for sale after shipment in interstate commerce. 21 U.S.C.A. § 334(a). The Tablets are manufactured in Michigan for distribution only in that state, but the component ingredients are shipped in interstate commerce to the manufacturer. The claimant contends that any misbranding must be with respect to an article which is in itself shipped in interstate commerce or held for sale after shipment in interstate commerce, and not to a product created from ingredients shipped in interstate commerce.

The Government claims that Korleen Tablets are a "drug" within the definition set out in 21 U.S.C.A. § 321(g):

"The term 'drug' means (1) articles recognized in the official United States Pharmacopoeia, official Homoeopathic Pharmacopoeia of the United States, or official National Formulary, or any supplement to any of them; and (2) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; and (3) articles (other than food) intended to affect the structure or any function of the body of man or other animals; and (4) articles intended for use as a component of any device specified in clause (1), (2), or (3); but does not include devices or their components, parts, or accessories."

Five of the six active ingredients of Korleen Tablets, choline, inositol, methionine, niacinamide, and thiamine, are "drugs" being listed in the official United States Pharmacopoeia or the official National Formulary. The representations in leaflets circulated in connection with the sale of the product also demonstrate that the Tablets are a "drug" within

**52**

clauses (2) and (3) of the statutory definition. See United States v. 46 Cartons, More or Less, Containing Fairfax Cigarettes, D.C.N.J.1953, 113 F.Supp. 336.

The claimant argues that the active ingredients are in common usage in the industry and lose their identity as individual components when combined to form Korleen Tablets. One of the leaflets forming the basis for the Government's accusation of misbranding emphasizes the treatment of certain disorders through the utilization of choline. The leaflet then mentions that Korleen Tablets contain " * * * large amounts of Choline combined with Inositol, Methionine, etc."

It is evident that if only choline or the other "drugs" comprising the Tablets were shipped in interstate commerce to Michigan, tableted, and misbranded, the "drugs" would be subject to seizure under the Act. It would be a strained interpretation to say that each "drug" component falls within the jurisdiction of the Act, being shipped in interstate commerce, but, when compounded together to form another "drug", the finished product is not being held for sale after shipment in interstate commerce. The result would be especially incongruous in this case in view of the emphasis placed in advertisements upon the alleged therapeutic value of the active components of Korleen Tablets. The logical conclusion of the claimant's argument is that a separate manufacturing and distributing operation could be established in each state to manufacture that state's brand of Korleen Tablets from ingredients shipped in interstate commerce, and yet none of the tablets would have been " * * * held for sale * * * after shipment in interstate commerce." The Supreme Court has warned against creating "loopholes," at the expense of public protection, through restrictive or technical constructions of the Act. See Kordel v. United States, 1948, 335 U.S. 345, 349, 69 S.Ct. 106, 93 L.Ed. 52; United States v. Urbuteit, 1948, 335 U.S. 355, 357–358, 69 S.Ct. 112, 93 L.Ed. 61.

The claimant states this case is indistinguishable from United States v. An Article or Device Consisting of 31 Units, D.C.E.D.Mich.1959, 180 F.Supp. 52, an opinion of this Court, and United States v. 40 Cases, More or Less, D.C. N.D.N.Y.1960, 188 F.Supp. 290. In both cases, the Courts held that an article or device is not subject to the jurisdiction of the Act where the only components shipped in interstate commerce were either a minor ingredient of the final product or several commonly used components which lost their identity within the newly manufactured device. In contrast, in the case at bar, the "drugs" comprising the Korleen Tablets are the very heart of the manufactured and tableted "drug" and were proclaimed as such to the public.

The claimant's motion for a partial summary judgment is denied.