**William L. PALMER, Sr., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20721.**

United States Court of Appeals
Fifth Circuit.

Dec. 7, 1964.

John Bradshaw, Houston, Tex., for appellant.

James R. Gough, Scott T. Cook, Asst. U. S. Attys., Woodrow Seals, U. S. Atty., Houston, Tex., for appellee.

Before WISDOM and GEWIN, Circuit Judges, and HANNAY, District Judge.

WISDOM, Circuit Judge:

This appeal is from a judgment convicting the defendant of dispensing drugs that had moved in interstate commerce, a violation of 21 U.S.C. § 353.

The Government's evidence related to the purchase of four different lots of amphetamine drugs by a special employee, McMahon, who was working with agents of the Food and Drug Administration. Arrangements for two of the sales were made by McMahon and the defendant's son.

▇ (1) *The appellant contends there was insufficient evidence to show that the drugs had moved in interstate commerce.* There is no merit to this contention. A microanalyst testified that the drugs were manufactured in Greenville, South Carolina. In DeFreese v. United States, 5 Cir. 1959, 270 F.2d 737, cert. den'd 362 U.S. 944, 80 S.Ct. 810, 4 L.Ed.2d 772, we held that such testimony of an expert was sufficient in itself to prove interstate shipment. Cf. Archambault v. United States, 10 Cir. 1955, 224 F.2d 925. In addition, however, an official of the Texas Department of Health testified there is no manufacturer of amphetamine drugs in Texas and that no source of amphetamine salts exists in Texas. Shipment of the active ingredient of a drug is the equivalent of shipping the drug. Cf. United States v. 40 Cases, More or Less, of Pinocchio Brand 75% Corn, Peanut Oil, and Soya Bean Oil Blended With 25% Pure Olive Oil, 2 Cir. 1961, 289 F.2d 343; United States v. 39 Cases, More or Less, Mich. Brand Korleen Tablets, N.D. Mich.1961, 192 F.Supp. 51.

▇ (2) *The appellant contends that the evidence is insufficient to prove that the defendant "consciously shared" in his son's delivery of the drugs to Mc-Mahon.* The pertinent language of the statute, 21 U.S.C. § 331, is: "The following *acts and the causing thereof* are prohibited" (Emphasis supplied). Thus, "causing" is not qualified by any term requiring wilfulness, as in Title 18 U. S.C. § 2(b). See Nye and Nissen v. United States, 1949, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919. Insofar as it constitutionally may do so, Congress divorced intent from culpability. Thus, in United States v. Dotterweich, 1943, 320 U.S. 277, 280, 64 S.Ct. 134, 88 L.Ed. 48, the Supreme Court said:

"The prosecution to which Dotterweich was subjected is based on a now familiar type of legislation whereby penalties serve as effective means of regulation. Such legislation dispenses with the conventional requirement of criminal conduct— awareness of some wrongdoing. In the interest of the larger good it puts the burden of acting at hazard upon a person otherwise innocent but standing in responsible relation to a public danger. United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604. * * * The offense is committed, unless the enterprise which they are serving enjoys the immunity of a guaranty, by all who do have such a responsible share in the furtherance of the transaction which the statute outlaws, namely, to put into the stream of interstate commerce adulterated or misbranded drugs. Hardship there doubtless may be under a statute which thus penalizes the transaction though consciousness of wrongdoing be totally wanting. Balancing rel[a]tive hardships, Congress has preferred to place it upon those who have at least the opportunity of informing

**50**

themselves of the existence of conditions imposed for the protection of consumers before sharing in illicit commerce, rather than to throw the hazard on the innocent public who are wholly helpless."

■ (3) *The appellant contends that the evidence was insufficient to show a "dispensing" within the meaning of the Act.* The Act uses the term "dispense", but does not define it. Etymologically, it means to weigh out, pay out, distribute, regulate, manage, control, etc. Black's Law Dictionary 557 (4th Ed. 1951). The term is particularly appropriate as applied to drugs, and a "dispensary" is a place where a drug is prepared or distributed. People v. Cohen, 1916, 94 Misc. 355, 157 N.Y.S. 591, 593. In context, the significance of the term is apparent: Congress felt that in the regulation of drugs the broad term "dispense" was more appropriate to the congressional purposes of the legislation than the more narrow term "sell". The statutory scheme establishes lawful methods for dispensing drugs upon prescription; anyone dispensing drugs outside of the statutory scheme violates the law. De-Freese v. United States, 5 Cir. 1959, 270 F.2d 737, cert. den'd 1960, 362 U.S. 944, 80 S.Ct. 810, 4 L.Ed.2d 772; Roth v. United States, 8 Cir. 1959, 270 F.2d 655, cert. den'd 1960, 361 U.S. 931, 80 S.Ct. 368, 4 L.Ed.2d 352; United States v. 2600 State Drugs, 7 Cir. 1956, 235 F.2d 913, cert. den'd 1956, 352 U.S. 848, 77 S.Ct. 68, 1 L.Ed.2d 59; United States v. Gibson, E.D.Pa.1955, 135 F.Supp. 807. The decision on which the appellant relies, Adams v. United States, 5 Cir. 1955, 220 F.2d 297, is distinguishable in that it involved a "sale" to a purchasing agent or messenger of the real seller.

■ (4) *Finally, the appellant contends that the trial judge erred in denying the motion for a new trial based on alleged jury misconduct.* The appellant argues that he should be granted a new trial on the ground that there were newspapers in the jury that contained articles stating that he had been convicted on several occasions of violations of state and federal drug laws. The trial judge conducted a full hearing in connection with the question. All twelve jurors were called as witnesses and examined and cross-examined at length. Only two jurors admitted having seen the articles. And they had seen only the headlines. Each testified positively that he had not read the articles. The defense counsel was given a full opportunity to question the jurors and to present any additional evidence available to him. He failed to show that any juror had read any material of a prejudicial nature before or during the deliberation. In the circumstances, we conclude that the trial judge did not abuse his discretion.

We have carefully considered all of the appellant's other contentions. They are without merit.

The judgment is affirmed.