UNITED STATES of America, Plaintiff-Appellee,

v.

George KHOURY, Defendant-Appellant.

No. 76–2035

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 23, 1976.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Sidney A. Soltz, Miami, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Jay R. Moskowitz, Spec. Atty., U. S. Dept. of Justice, Miami, Fla., for plaintiff-appellee.

Before WISDOM, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

Khoury, the defendant-appellant, was convicted of evasion of income taxes and of assisting in the preparation of false income tax returns. His first trial on these charges resulted in a mistrial when the jury could not reach a verdict after seven hours of deliberation. In a second trial, however, the jury returned a guilty verdict after meeting for one and a half hours. Khoury appealed his conviction when the district court refused to conduct an in camera interview of the jurors on the question of jury misconduct. We affirm.

First, Khoury contends that in camera interviews should have been conducted to determine whether any juror read a newspaper article about the case. The article, published on the evening of the first day of the trial, stated that the defendant had entered and subsequently had withdrawn a guilty plea to the charges. After hearing of the article, the district court judge polled the jurors in open court and found that none had read it. The trial judge did not abuse his discretion by conducting the poll in open court rather than in his chambers. *United States v. Sutherland,* 5 Cir. 1972, 463 F.2d 641, *cert. denied,* 409 U.S. 1078, 93 S.Ct. 698, 34 L.Ed.2d 668. Because no juror read the article, its publication could not have prejudiced the defendant. *Id.; United States v. Rickert,* 5 Cir. 1972, 459 F.2d 352; *Palmer v. United States,* 5 Cir. 1964, 340 F.2d 48, *cert. denied,* 1965, 382 U.S. 903, 86 S.Ct. 238, 15 L.Ed.2d 156.

Second, Khoury asserts that the district court should have interrogated the jurors in camera regarding the effect of the death of one of the government's witnesses the day after he testified. A poll of the jury in court revealed that six jurors had read the obituary of the witness and two had heard about his death. The obituary was one indirectly related to the trial. Consequently, the trial judge had the discretion to conduct an in-court examination of those jurors who read the obituary. As we held in *United States v. Schrimsher,* 5 Cir. 1974, 493 F.2d 848, 854:

> Every claim of jury prejudice because of a newspaper article's appearing during a trial must turn on its own facts. . . .
> The safer practice in situations involving possible prejudice from newspaper articles or other sources is to interrogate each juror separately and out of the presence of the other jurors. However, the procedure used here was not prejudicial error under the particular circumstances of this case. The article did not relate directly to Schrimsher, and was not suggestive in any way upon the question of his guilt or innocence.

Likewise in the instant case, the article did not relate to Khoury or the issues of the trial.

Third, the defendant raises a slightly different issue with regard to the two jurors who heard about the death of the witness. Although the record does not indicate the origin of the information about the death, the defendant infers that the two jurors must have discussed it with persons not on the jury. Khoury then argues that such a private conversation must be investigated thoroughly because it raises a rebuttable

presumption of prejudice. *Richardson v. United States,* 5 Cir. 1966, 360 F.2d 366, 369.

 This Court prohibits prejudicial private communications between jurors and third parties, and we have required affirmative proof of the harmlessness of private communications outside the jury room. *Id.; Johnson v. United States,* 5 Cir. 1953, 207 F.2d 314, 322; *see Morgan v. United States,* 5 Cir. 1968, 399 F.2d 93, 97. As in all jury misconduct cases, however, we have also recognized that the granting of a mistrial is largely within the discretion of the trial judge. *Tillman v. United States,* 5 Cir. 1969, 406 F.2d 930, 937; *Wiltsey v. United States,* 4 Cir. 1955, 222 F.2d 600, 601. This discretion extends to the type of investigation required. *Tillman v. United States,* 406 F.2d at 938. In *Tillman,* the poll of the jury in open court revealed that no juror had participated in the private conversation under investigation. Consequently, the trial judge did not abuse his discretion by refusing to investigate the matter further. In this case the trial judge refused to inquire further when he found that the two jurors had heard only about the death of a witness. Although the defense attorney requested a mistrial, he did not ask the trial judge to inquire further into the circumstances of the jurors' hearing about the death. Because the subject matter is so tenuously related to the case, we cannot say that the trial judge abused his discretion.

AFFIRMED.