Burglary in the second degree; sentence: three years' imprisonment and $1,500 restitution paid to the victim in consecutive monthly installments of $50.
Sometime during the evening of December 19, 1979, or the early morning of December 20, 1979, the appellant burglarized Burger's Clothing Store in Guntersville, Alabama. The only issue appellant presents for review is whether a mistrial should have been granted because a juror was seen talking to a State's witness in the hallway during a brief recess in the proceeding. The following events occurred at trial:
 "THE COURT: Ladies and gentlemen of the jury, at this time we'll have a ten minute recess. Now, you may separate if you like, and please reassemble in the jury room after ten minutes. Take a ten minute break . . . and keep in mind the instructions I gave you. Avoid anyone connected with the case.
 "(At this point, the jury retired from the courtroom and a recess was taken, at the expiration of which the following proceedings were had and done):
"THE COURT: Are you ready to proceed?
"MR. WALDROP: Yes, sir.
"MR. BAKER: Yes, sir.
"THE COURT: All right, bring the jury back in.
 "(At this point, the jury returned to the courtroom and was seated in the jury box):
 "THE COURT: Ladies and gentlemen of the jury, let me ask you this question. Did any of you find out anything about this case during the last recess?
"(No response).
 "THE COURT: It was reported to me that the State had a witness that was talking to one of the jurors. Please be very careful, and I think it'd be better . . . if you . . . other than just say hello to somebody because you'll cause suspicions, and people get all sorts of ideas about things. You, yourself, have heard people talk about court proceedings and this and that and the other thing, and we want it to be fair and without any question about being fair, and, so, if anything was said about this case at all, please report it at this time. Anybody. *Page 105 
"(No response).
 "THE COURT: And I don't mean to infer that it wasn't entirely innocent. I know you're out in the hall. You're out there with other people. It's hot and I don't want to keep you cooped up any more than is necessary, so please be very careful, and I suggest, other than just saying a polite hello to somebody, confine your conversation with each other and don't talk about the case even with each other. I think that's a good suggestion. All right.
. . . . .
 "MR. BAKER: Your Honor, at this time I would move for a mistrial based upon the . . . whatever evidence that there is that some witnesses have been talking with the jurors during the recess.
 "THE COURT: The Court has no reason to believe that anything untoward happened. It was simply I wanted to caution the jury to be very careful. The particular witness in question hadn't even testified in the case, according to the report I had, and I'm sure . . . reasonably sure there was no conversation about the case, but I'll ask the jury again . . . I don't know which juror was talking to someone else out in the hall, but was there anything said about this case at all? About any of the parties to this case? If you were talking with anyone out in the hall, was anything said about this case at all, any of the parties to this case or about crime in general, or anything of that sort that might try to influence a jury . . . or to impress you in any form or manner? Was anything said to you? Did you engage in anything other than just polite conversation with anybody?
"(No response).
"THE COURT: All right, let's go ahead.
"MR. BAKER: Will the Court rule on my motion?
 "THE COURT: I'll overrule your motion for mistrial. We don't have . . . what we should have, of course, is facilities where the jury have a place to go to, but we don't have them, and so . . . when you get here to the courthouse, you have to remember this is where the parties and the witnesses and the people interested in the case come. Of course, we have to get them all together to have a trial, and around the courthouse here is the most dangerous place that an incident of some kind will occur, and the parties to this case, you see, both of them have the absolute and unconditional right to have this case determined from evidence that's developed here in open court. That's an absolute right, and if you'll think about it you'll see that it's really a rule of fundamental fairness because neither the State nor the defense can counter rumors and talk and confidential information. That sort of thing has no place in a trial because it's very unfair to one party or the other every time. It's always very unfair. All right."
This court in Woods v. State, Ala.Cr.App., 367 So.2d 974,980, reversed on other grounds, Ala., 367 So.2d 982 (1978), stated:
 "[T]he granting of a mistrial in cases of private communications between jurors and third persons is largely within the discretion of the trial judge, and his decision is subject to reversal only where that discretion has been abused. Tillman v. United States, 406 F.2d 930 (5th Cir. 1969); Green v. State, 252 Ala. 513, 41 So.2d 566 (1949).
 "This discretion of the trial court to grant a mistrial includes the discretion to determine the extent and type of investigation requisite to a ruling on the motion. United States v. Flynn, 216 F.2d 354, 372 (2nd Cir. 1954); Lewis v. United States, 295 F. 441 (1st Cir. 1924); Tillman, supra; Killilea v. United States, 287 F.2d 212 (1st Cir. 1961); United States v. Khoury, 539 F.2d 441 (5th Cir. 1976). A full evidentiary hearing at which witnesses and jurors can be examined and cross examined is not required. Tillman, supra, 406 F.2d 938. . . ."
In the absence of any showing to the contrary, we must assume that the trial judge was satisfied as to the nature of the conversation which passed between the witness and the juror, and upon this basis *Page 106 
decided that the appellant was not prejudiced thereby. Whether there has been a communication with a juror and whether it has caused prejudice are questions of fact to be determined by the trial court in the exercise of sound discretion. Gaffney v.State, Ala.Cr.App., 342 So.2d 403, cert. denied, Ala.,342 So.2d 404 (1976). This ruling will not be disturbed in the absence of a showing of abuse of discretion. Woods v. State, supra; Bascom v. State, Ala.Cr.App., 344 So.2d 218 (1977).
As mandated by § 12-22-240, Code of Ala. 1975, we have reviewed the record on appeal and hold that the trial judge erred when he ordered the appellant to pay restitution to the owner of the store under Alabama's new criminal restitution statute, Act No. 80-588, Acts of Alabama 1980, approved May 28, 1980. Although the sentencing and restitution hearing was held in August 1980, the record shows that the crime was committed in December 1979. The question then is whether sentencing appellant under Act No. 80-588 is an ex post facto application of that statute in violation of Article I, § 10, of the Constitution of the United States, and Article I, § 7, Constitution of Alabama 1901. We conclude that it is.
In Beazell v. Ohio, 269 U.S. 167, 169-170, 46 S.Ct. 68, 69,70 L.Ed. 216 (1925), the Supreme Court summarized the characteristics of an ex post facto law:
 "It is settled, by decisions of this Court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as ex post facto."
Act No. 80-588, supra, is not a procedural change as discussed in Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290,53 L.Ed.2d 344 (1977). That act provides for an additional penalty which did not exist at the time of the commission of the crime in question. It made "more burdensome the punishment" of the instant crime by making a change in the quantum of the punishment. Act No. 80-588 therefore cannot be given retroactive effect to crimes committed prior to its effective date. We therefore affirm the judgment of conviction, but remand this cause to the trial court with directions to resentence the appellant in accordance with the punishment authorized by law as of the date of commission of the instant offense.
AFFIRMED. REMANDED FOR PROPER SENTENCING.
All the Judges concur."