**Raymond Lee BOOKER, Petitioner,**

v.

**Thomas R. ISRAEL, Respondent.**

**No. 82-C-294.**

United States District Court,
E.D. Wisconsin.

July 7, 1983.

William S. Mautner, Atinsky, Kahn, Sicula & Teper, Milwaukee, Wis., for petitioner.

Bronson C. LaFollette, Wis. Atty. Gen. by Sally L. Wellman, Asst. Atty. Gen., Madison, Wis., for respondent.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The petitioner in this case asserts four grounds for his request for relief pursuant to 28 U.S.C. § 2254(a). Because I conclude that he has not exhausted his state remedies with regard to one of these grounds, his petition for habeas corpus will be dismissed without prejudice as required by *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

The petitioner was convicted in state court of armed robbery, party to a crime; concealing identity; and habitual criminality. His motions for a new trial and modification of sentence were denied by the trial court. The Wisconsin court of appeals affirmed the judgment of conviction and the order denying the post-conviction motions. A petition for review was filed with the Wisconsin supreme court. That court denied the petition insofar as it related to the claims at issue here.

Mr. Booker's petition for habeas corpus relief in this court contains six claims, four of which are argued in his brief in support of his petition. As to one of these four claims, the state contends that Mr. Booker has failed to exhaust his state remedies.

As phrased in Mr. Booker's brief in this court, the allegedly unexhausted claim is that his sixth amendment right to an impartial jury and due process right to a fair trial were violated by the trial court's refusal to strike the jury forewoman for cause. It is clear that the facts underlying this claim were presented to the state courts. Those facts were as follows.

During voir dire, Jacqueline Lewis, a prospective juror, inquired as to whether the trial would extend as long as Friday. She was assured that it was very unlikely the trial would last that long. Later, as counsel for the defendant was conducting her own voir dire examination, Ms. Lewis indicated that she would not be available for deliberation on Friday, since she bowled on that day. She also expressed the hope that the trial and jury deliberations would conclude before 11:00 p.m. on Thursday. Counsel for the defendant moved the court to strike Ms. Lewis for cause, due to her unavailability or unwillingness to deliberate beyond Thursday evening. The motion was denied.

Ms. Lewis eventually became the forewoman of the jury, which did not receive the case for its deliberations until 5:12 p.m. on Thursday. During the jury's deliberations, Ms. Lewis indicated to one of the bailiffs that she had an 11:00 p.m. bus to catch. At about 10:45 p.m., the jury returned a guilty verdict. Counsel for the

defendant moved for a mistrial based on Ms. Lewis' communication about catching her bus. The bailiffs were questioned about the matter. The defendant's motion was denied.

In his brief before the Wisconsin court of appeals, the petitioner relied on these facts to support his assertion that the trial court "abused its discretion by its refusal to strike the foreperson for cause during voir dire examination." Brief of Defendant-Appellant at 35. The petitioner argued that he had been prejudiced by the forewoman's desire to conclude the deliberations. He urged the court to adopt a rule that once outside pressures on the jury are shown, the state must demonstrate that such pressures were harmless. In making this argument the petitioner relied on *United States v. Khoury,* 539 F.2d 441 (5th Cir.1976), a case which reviewed, on direct appeal, a claim of abuse of discretion on the part of the federal district judge. Mr. Booker concluded his argument by citing *Nyberg v. State,* 75 Wis.2d 400, 249 N.W.2d 524 (1977), for the rule that a trial court must honor challenges for cause whenever it may reasonably suspect that circumstances outside the evidence may create bias or appearance of bias. He asserted that under this rule, the trial court had been under a duty to strike Ms. Lewis for cause.

In its decision, the Wisconsin court of appeals addressed only the abuse of discretion issue that had been presented to it. The court agreed with the state's argument that Ms. Lewis did not meet any of the statutory criteria under Wis.Stat. § 805.-08(1) that would have required her to be stricken for cause. Therefore, the court concluded, Mr. Booker was obliged to show bias or prejudice. The court noted that the decision as to whether to strike a juror was within the sound discretion of the trial court, and it found that the trial court had not abused its discretion in refusing to strike Ms. Lewis.

Nowhere in Mr. Booker's brief before the Wisconsin court or in that court's decision is there any reference to federal constitutional rights. The state argues that this omis-sion requires me to find that Mr. Booker has not exhausted his state remedies as to this claim.

Recent cases of the United States Supreme Court have taken a strict view of the requirement of exhaustion of state remedies codified in 28 U.S.C. § 2254(b). *See, e.g., Anderson v. Harless,* —— U.S. ——, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). In *Anderson,* the Court found a failure to exhaust state remedies even though (1) the same facts had been presented to the state and federal courts, (2) the petitioner had argued in the state court that the jury instruction in question was reversible error, and (3) a state-law case had been cited to the state courts in which the defendant had argued that his federal constitutional rights had been violated.

The *Anderson* Court cited the rule in *Picard v. Connor,* 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), that a federal habeas petitioner must have provided the state courts with a "fair opportunity" to apply controlling legal principles to the facts underlying his constitutional claim. The Court stated that this rule was not satisfied merely because the facts necessary to support the claim were presented to the state courts or because a "somewhat similar state-law claim" was made. *Anderson,* 103 S.Ct. at 277. In support of its reference to a "somewhat similar state-law claim," the Court cited several cases that provide guidance in deciding whether Mr. Booker has exhausted his state remedies.

One such case is *Wilks v. Israel,* 627 F.2d 32 (7th Cir.), *cert. denied,* 449 U.S. 1086, 101 S.Ct. 874, 66 L.Ed.2d 811 (1980). In that case the petitioner argued to the state courts that the trial judge had abused his discretion in refusing to accept a plea bargain. He relied on state cases construing a Wisconsin statute and on federal cases involving a federal trial court's discretion under Rule 11, Federal Rules of Criminal Procedure. No constitutional argument was made to or discussed by the state court. When he came before the federal habeas

court, the petitioner argued that his constitutional rights under the due process clause had been violated by the trial court's refusal to accept his plea.

The court of appeals for the seventh circuit found that the petitioner had not exhausted his state remedies. The court stated:

"While the claim he presented to the trial court arises out of the same factual circumstance as the constitutional claim, it is a separate legal issue. A court's inquiry in addressing the abuse of discretion is focused on state law with analogies to federal procedure under Rule 11. The inquiry under a due process challenge is whether, as a matter of fundamental fairness, the state trial judge violated the petitioner's rights by not accepting his plea. We find these issues substantially different and we feel that federal-state comity requires that the state court first hear the substance of the constitutional claim."

Another case cited by the *Anderson* Court as involving a "somewhat similar" state-law claim was *Gayle v. LeFevre*, 613 F.2d 21 (2d Cir.1980). In that case, the petitioner had presented to the state courts his claims that (1) the conduct of the trial judge had deprived him of a fair trial and (2) his post-arrest statements should have been suppressed. The petitioner did not expressly allege any federal constitutional violations in the state court. In his habeas petition, the petitioner asserted that (1) the biased conduct of the trial judge had deprived him of a fair trial and (2) the trial court should have suppressed post-arrest statements made when the petitioner allegedly had not been properly informed of his constitutional rights.

The court of appeals for the second circuit affirmed the district court's dismissal of the habeas petition on the ground that the petitioner had not exhausted his state remedies as to either claim. The court quoted the observation in *Johnson v. Metz*, 609 F.2d 1052, 1054 (2d Cir.1979), an earlier case involving similar circumstances, that "[t]he question of fair trial in relation to the overall conduct of the trial judge has in the past been stated in terms of either state law or the supervisory power of the particular court." Because the petitioner in *Gayle* had similarly made no federal constitutional claims, as such, in the state courts, he was held not to have exhausted his state remedies.

While perhaps presenting a somewhat closer question, the situation in this case is in my opinion very similar to that in both *Wilks* and *Gayle*. As in those cases, no federal constitutional claims were raised by Mr. Booker in the state court proceedings in relation to the trial judge's refusal to strike Ms. Lewis as a juror. Rather, his argument was that the trial judge had abused his discretion, under principles of state law.

Mr. Booker argues that his "due process" and "impartial jury" claims should have been self-evident to the Wisconsin courts. However, the same statement could unquestionably be made about the petitioner's state-court argument in *Gayle* that the biased conduct of the trial judge denied him a fair trial. Although the court of appeals for the second circuit has recently retreated from the strict approach taken in *Gayle, see Daye v. Attorney General of New York*, 696 F.2d 186 (2d Cir.1982), the *Anderson* Court expressly accepted the "no exhaustion" result in *Gayle* on the basis that only a "somewhat similar state-law claim" had been made in the state courts. I believe the same conclusion must be reached in this case.

There is no indication that the petitioner would not be able to pursue his unexhausted claim under Wisconsin's post-conviction statute, Wis.Stat. § 974.06. Because his petition contains an unexhausted claim, dismissal of the entire petition is mandated by *Rose v. Lundy, supra.*

Therefore, IT IS ORDERED that the petition for habeas corpus be and hereby is dismissed without prejudice.