| 75 | 449 |
| 95 | 524 |
| 75 | 449 |
| 106 | 511 |

# Smith *v.* Louisville and Nashville Railroad Company.

*Action by Father against Railroad Company for Killing Minor Child.*

1. *Damages against corporation for killing minor child; section 2899 of the Code construed.*—Section 2899 of the Code of 1876, providing that "when the death of any minor child is caused by the wrongful act or omission of any officer or agent of an incorporated company, or private association of persons, the father of such child, or if the father be not living, the mother, may maintain an action against such corporation, or private association of persons, for such wrongful act or omission, and may recover such damages as the jury may assess," creates a new cause of action, is highly penal in its terms, and must be construed as a penal statute.

2. *Same; section 2899 unconstitutional.*—Said section of the Code (2899) is violative of section 12 of article 14 of the State Constitution, providing that "all corporations shall have the right to sue, and shall be subject to be sued, in all courts, in like cases as natural persons," and is void.

3. *Constitutional law; article 14, section 12, construed.*—This provision of the Constitution must mean that where the cases are alike, the cause of action the same description of contract or tort, there must be no discrimination between corporations and natural persons, in the matter of prosecuting or defending suits.

APPEAL from City Court of Montgomery.

Tried before Hon. T. M. ARRINGTON.

The facts are sufficiently stated in the opinion.

R. M. WILLIAMSON and GEO. W. TOWNSEND, for appellant, contended, *inter alia,* and argued at length, in reply to argument of counsel for the appellee, that the statute under consideration was constitutional, citing, *arguendo,* the following authorities: Code of 1852, §§ 1938–41; Acts 1871–2, p. 83; *Ib.* p. 82; *Dorman v. State,* 34 Ala. 216; Cooley on Con. Lim. 390; Art. 14, Sec. 12, Con. 1875; *Paul v. Virginia,* 8 Wall. 168; Code, 1876, § 2643; *Zeigler v. S. & N. R. R. Co.,* 58 Ala. 594; *S. & N. R. R. Co. v. Morris,* 65 Ala. 193.

THOS. G. JONES and J. M. FALKNER, *contra,* after an elaborate discussion of other questions raised by the record, but not passed on by the court, contended that said statute was violative of section 12, article 14, of the Constitution of 1875, and cited, *arguendo,* the following authorities: *Holden v. James,* 11 Mass.

29

396; *S. & N. R. R. Co. v. Morris*, 65 Ala. 200; *Wally v. Kennedy*, 2 Yerger, 554; *Waddell v. Vanzant, Ib.* 260; Cooley on Con. Lim. §§ 391–3; 28 Wis. 464; 12 Bush (Ky.), 110.

STONE, J.—This is a suit by appellant, the father, against the appellee, corporation, under section 2899 of the Code of 1876, to recover damages for the alleged killing of the minor child of the former, through the wrongful act and omission of the defendant's agent. The section of the Code reads as follows:

" When the death of any minor child is caused by the wrongful act or omission of any officer or agent of an incorporated company, or private association of persons, the father of such child, or if the father be not living, the mother, may maintain an action against such corporation or private association of persons, for such wrongful act or omission, and may recover such damages as the jury may assess."

This statute creates an entirely new cause of action—one theretofore unknown. Before its enactment—Feb. 24, 1872— neither the father nor mother could recover damages for such killing. Not only does the statute create a new cause of action, but it confines the right to maintain such suit to the father, if living, and if not, to the mother. If neither be living, no one else can maintain the suit. And the statute is highly penal in its terms, and must be construed as a penal statute.

Is the act copied above constitutional? It will be observed that under the statute, the action lies only against certain classes; corporations, and private associations of persons. These are held accountable for the wrongful acts and omissions of their officers and agents. Individuals engaged in the same business, having the same description of officers or agents, may cause the death of a minor child by the wrongful act or omission of such officer or agent, and there will be no liability for such death. To illustrate: Manufacturing establishments in all their extensive variety, mining enterprises, cotton compresses, mills, steam vessels, and even railroads, may be owned and operated without incorporation, and by a single proprietor. These are not within the law; and for the death of a minor child, caused by the wrongful act or omission of an agent of such enterprise, neither the father nor the mother can maintain a suit. If, however, there be more owners than one, or, if the enterprise be incorporated, then the statute gives a right of action to the father, if living, and to the mother, if he be dead. This precise difference the statute makes, although the character of business, and the wrongful act or omission of the agent be, in each case, the same. How this will work, will readily suggest itself. If the employer, being a single individual,

be not responsible for the wrongful act or omission of the agent he employs, how can the same act by the same agent, employed under the same circumstances, impose a penalty on the innocent employer, merely because two or more owned the business, and united in employing the agent? If so, on what principle? Is individual enterprise less amenable to legislative surveillance than associated capital?

Within the last twenty years very important constitutional provisions, Federal and State, have been adopted. Article 14 of the Amendments to the Constitution of the United States declares, section 1, that "no State shall . . deny to any person within its jurisdiction the equal protection of the laws." Speaking of this provision, Justice Field, of the U. S. Supreme Court, in *County of San Mateo v. So. Pa. R. R.*, said : "It not only implies the right of each to resort, on the same terms with others, to the courts of the country for the security of his person and property, the prevention and redress of wrongs, and the enforcement of contracts, but also his exemption from any greater burdens or charges, than such as are equally imposed upon all others under like circumstances."—8 Am. & Eng. R. R. Cases, 1–11 (8 Sawyer, 238). And Circuit Justice Sawyer, in the same case, p. 33, said : " In my judgment, the word ' person ' [in this clause of the 14th amendment] includes a private corporation." See note to that case on page 56. This question, however, would seem to be settled by our own State Constitution, article 14, section 12, which ordains that " all corporations shall have the right to sue, and shall be subject to be sued, in all courts, in like cases as natural persons." " In like cases as natural persons," must mean that where the cases are alike, the cause of action the same description of contract or tort, there must be no discrimination between corporations and natural persons, in the matter of prosecuting or defending suits. A tort which will support an action for one, will support it for the other, and a defense available to one, is available to the other.—*Mayor v. Stonewall Ins. Co.*, 53 Ala. 570 ; *Green v. The State*, 73 Ala. 26. The sum of these provisions is, that no burden can be imposed on one class of persons, natural or artificial, which is not, in like conditions, imposed on all other classes. And so we held in *S. & N. R. R. Co. v. Morris*, 65 Ala. 193, re-affirmed in *Home Protection Ins. Co. v. Richards*, 74 Ala. 466. See, also, *Strauder v. West Virginia*, 100 U. S. 303. In *Richards' case, supra*, we sanctioned a different rule as to venue—the mere form of proceeding— when a corporation is sued. We reached this conclusion by force of the corporation's mode of conducting its business ; that its scene of active operations is ambulatory, and its domicil, if domicil it has, is essentially unlike, as its business transactions

[Westmoreland v. Porter.]

are unlike, those of a living, human being. The difference commented on in that case did not affect the nature or measure of liability, but only the forum, or form of its enforcement. If the effect of the statute, therein construed and held constitutional, had been to fasten a liability on one class, from which the other class was exempt, the case would have been considered as falling properly within the influence of *Mayor v. Stonewall Insurance Co.*, and *S. & N. R. R. Co. v. Morris, supra*.

In the very well considered case of *Chicago, St. Louis & N. O. R. R. Co. v. Moss*, 60 Miss. 641, our decision in *S. & N. R. R. v. Morris* is commented on, approved and followed. See, also, *Gordon v. W. Building & A. Fund Asso.*, 12 Bush (Ky.), 110 ; *Durker v. Janesville*, 28 Wisc. 464.

We regret the duty, so often cast upon us, of construing statutes which discriminate between persons, natural and artificial, sometimes in favor of the one, and sometimes in favor of the other ; but we have no discretion. We feel constrained to hold the section of the Code, under which this action was brought, to be unconstitutional.

The present case was tried in the court below on issues which did not directly raise the question we have been considering. It is manifest, however, that the action was brought under section 2899 of the Code, and that without that statute, it can not be maintained. That statute being pronounced unconstitutional, it is equally manifest that the plaintiff in the present suit never can recover. We will not scrutinize the various rulings of the city court, for, right or wrong, they did the appellant no injury.—1 Brick. Dig. 780, § 96.

Affirmed.

BRICKELL, C. J., dissenting.