# Birmingham Water Works Co. v. The State.

## Obstructing Public Road.

(Decided Feb. 4, 1909.  48 South. 658.)

1. *Fees and Cost; Solicitor's Fees; Misdemeanors.*—Section 5388, while making the willful obstruction of a public road a misdemeanor, affixes no penalty, and is within the class of misdemeanors not otherwise provided for; hence, the solicitor's fee on such conviction is $7.50, notwithstanding the provisions of section 4561, Code 1896, provides a solicitor's fee of $50 for securing a conviction of any corporation for a violation of any of the laws of the state.

2. *Constitutional Law; Equality; Penalty.*—Section 4561, Code 1896, fixing a $50 solicitor's fee for securing convictions against a corporation for the violation of any of the laws of the state, is invalid as an unjust discrimination against corporations, except as to offenses peculiar to them; especially in view of the fact that a fee for solicitors of $7.50 is fixed for convictions of other misdemeanors by individuals not otherwise provided for.

3. *Same; Equality; Classification.*—A state may classify offenses according to its discretion; but such classification must rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrarily and without a just basis.

APPEAL from Shelby County Court.

Heard before Hon. A. P. LONGSHORE.

The Birmingham Water Works Company was convicted of willfully obstructing the public road. Among other penalties affixed was a solicitor's fee of $50. The corporation entered a motion to retax cost and fix the solicitor's fee at $7.50. From a judgment denying this motion, it appeals. Reversed and remanded.

LONDON & FITTS, for appellant. The right to arbitrarily discriminate against the corporation does not exist.—*Goff, etc., Ry. Co. v. Ellis,* 165 U. S. 150; *Cotting v. Kansas City Stock Yards,* 183 U. S. 79; *R. R. v. Morris,* 65 Ala. 193; *Smith v. L. & N.,* 75 Ala. 449; *Carter*

*Bros. v. Coleman,* 84 Ala. 256; *Randolph v. B. & P. S. Co.,* 106 Ala. 511. It follows from these authorities that the fee of $7.50 is the one contemplated by the legislature under section 4561, Code 1896 to be taxed for a conviction of the offense here charged although defendant is a corporation. The solicitor's fee is a part of the punishment and to exact a larger fee against a corporation than against an individual would be a discrimination.—*Caldwell v. The State,* 55 Ala. 133; *Barbour v. Connely,* 113 U. S. 27; H. Cyc. 1076.

ALEXANDER M. GARBER, Attorney-General, for the State.

SIMPSON, J.—The appellant was convicted of the misdemeanor of obstructing a public road. The appeal is from the decision of the court overruling a motion to retax the costs.

The costs against the corporation were taxed at $50, under section 4561 of the Code of 1896, which provided for a solicitor's fee of $50 "for securing the conviction of any corporation for violating any law of the state." Another clause of the same section provided for a solicitor's fee of $7.50 "for each conviction of a misdemeanor, not otherwise provided for," and appellant insists that said section 4561 is unconstitutional, in that it places a heavier penalty on corporations than on individuals convicted of a misdemanor.

Section 5388 of the Code of 1896 made the willful obstruction of a public road a misdemeanor, but affixed no penalty; and as this offense is "not otherwise provided for," the solicitor's fee is only $7.50. The solicitor's fee which is taxed against a defendant is a part of the penalty which he pays. Corporations are persons, within the meaning of the Constitution.—*Santa Clara*

*Co. v. So. Pac. R. R.,* 118 U. S. 394, 6 Sup. Ct. 1132, 30 L. Ed. 118; *Mo. Pac. Ry. v. Mackey,* 127 U. S. 205, 8 Sup. Ct. 1161, 32 L. Ed. 107; *Gulf, etc., Ry. Ellis,* 165 U. S. 150, 154, 17 Sup. Ct. 255, 41 L. Ed. 666.

It needs no argument to show that, if a greater penalty is inflicted upon one person than upon another for the commission of the same offense, such person so discriminated against, is denied that equal protection of the laws, which is the spirit of our Constitutions, state and federal, and which has been specially formulated in the fourteenth amendment to the Constitution of the United States. It is true that the state may classify offenses according to their nature, and affix penalties according to its discretion; but the Supreme Court of the United States has said that "classification cannot be made arbitrarily," but must "rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrarily, and without a just basis."— *Gulf, etc., Ry. v. Ellis,* 165 U. S. 150 155, 17 Sup. Ct. 255, 257, 41 L. Ed. 666.

Our own court has held that a statute which authorized the taxing of an attorney's fee against railroads in stock claim cases was unconstitutional; the court saying: "A law which would require all farmers who raise cotton to pay such a fee, in cases where cotton was the subject-matter of litigation and the owners of this staple were parties to the suit, would be so discriminating in its nature as to appear manifestly unconstitutional; and one which should confine the tax alone to physicians, or merchants, or ministers of the gospel, would be glaring in its obnoxious repugnancy to these cardinal principles of free government which are found incorporated, perhaps, in the Bill of Rights of every state Constitution of the various commonwealths of the American govern-

ment."—*S. & N. Ala. R. R. v. Morris*, 65 Ala. 193, 200. Again, an act which gave to the parent a right of action against "an incorporated company or private association of persons" for death of a minor child was held unconstitutional, as discriminating between said corporations or associations and individuals; the court (referring to the fourteenth amendment to the Constitution of the United States and to certain sections in our own Constitution) saying: "The sum of these provisions is that no burden can be imposed on one class of persons, natural or artificial, which is not, in like conditions, imposed on all other classes."—*Smith v. L. & N. R. R.*, 75 Ala. 449, 451. It was also held that an act which inflicted a penalty upon an individual banker for discounting paper at a usurious rate of interest, and did not inflict the same penalty on a corporation for the same offense, was unconstitutional.—*Carter Bros. & Co. v. Coleman et al.*, 84 Ala. 256, 259, 4 South. 151.

It is suggested by the Attorney General that this classification is justifiable, because a corporation cannot be confined in prison or sentenced to hard labor for the county. We do not think this is sufficient reason for the discrimination. The act requires the $50 to be taxed in all cases, however trivial, and, besides, if it should be desired to imprison any one (which is seldom the case in this class of cases), the officer or agent who places the obstruction is liable to prosecution. To construe the act as applicable to all cases in which a corporation is convicted would render it unconstitutional. Hence, we hold that it is applicable only to the class of offenses peculiar to corporations.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and DENSON and MAYFIELD, JJ., concur.