[Bidwell v. Johnson, et al.]


# Bidwell *v.* Johnson, *et al.*

### *Administration of Estate.*

(Decided January 21, 1915.   Rehearing denied February 11, 1915.
67 South. 985.)

1. *Constitutional Law; Construction; Presumption.*—Where a stat-
ute is fairly susceptible of two constructions, that interpretation will
be given it, which will uphold its constitutionality.

2. *Trusts; Actions; Attorney's Fee.*—Under sections 3010 and 5219,
Code 1907, in a suit involving trust property, an award of fees in
favor of counsel for the beneficiaries is authorized only where such
counsel performed services for the benefit of the trust.

3. *Same.*—Under the facts in this case, the fee of the counsel for
the legatee, which it was desired to charge as costs, could not. be
based on the sum recovered, and an award of $2,00 was improper,
where no benefit to the trust res was shown, save that a speedier set-
tlement was effected.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH..

In the administration of the estate in the chancery
court, on a controversy between Jennie H. Bidwell as
executrix, and Howard D. Johnson and others, there
was a decree awarding counsel fees to be charged as
cost of the administration, and from this decree the ex-
ecutrix appeals.  Affirmed in part and in part reversed
and remanded.

GREGORY L. & H. T. SMITH, for appellant.

FREDERICK G. BROMBERG, for appellee.

GARDNER, J.—Appellant, Jennie H. Bidwell, qual-
ified as executrix of the last will of Rufus Dane, de-
ceased, in the probate court of Mobile county.  Inven-
tory of the estate was duly filed by her, and the same
was duly appraised.  More than three years thereafter,

no final settlement of her administration having been had, appellees, as some of the distributees of said estate, filed a motion in the probate court to require such final settlement to be made as a partial settlement only, as prayed by the executrix. It was ordered on the motion of appellees that the executrix be required to give bond. Subsequently on bill filed by appellees, the administration of the estate was removed into the chancery court and bond was made by executrix in response to motion of the appellees. Aside from some special bequests, not necessary here to note, there appears to have been 12 distributees of the estate, 7 of whom are appellees to this cause, who are represented by their counsel, F. G. Bromberg. Motions were made through their counsel for the removal of the executrix, but which were unsuccessful. There were also objections to her accounts and other motions and petitions filed, which need not be enumerated in detail, some of which appear not to have been pressed upon the court, and no testimony offered in support thereof. In February, 1914, all of the distributees interested in the estate entered into an agreement with the executrix whereby they accepted the sum of $1,200 in full payment of their interest in said estate, which sum was to be above all unpaid court costs and commissions. This agreement of settlement appears to have been made without the knowledge or participation of the solicitor for the appellees, but he was instructed by them to carry the agreement into effect. After this was done counsel for appellee then moved the court for an order of reference to ascertain the reasonable sum to pay the solicitor for complainants in the cause for his services therein. The register reported the sum of $2,000, which report was confirmed by the chancellor, and from his decree, ordering the payment of same as part of the court costs,

[Bidwell v. Johnson, et al.]

this appeal is prosecuted, and presents the sole question for our determination here.

Upon consideration of the agreement of settlement above referred to, by which each distributee accepted $1,200 as in full payment of any balance due them, and which was to be above all court costs, we are of the opinion that if the fee for counsel for said contesting distributees was properly a matter that could, under the statute hereinafter quoted, be taxable as a part of the costs of the case, such order was not in violation of said agreement of settlement, as is insisted by counsel for appellant.

The executrix was represented throughout by counsel. One of the distributees of the estate was non compos mentis, but was duly represented by guardian ad litem, and counsel for appellees, F. G. Bromberg, was also counsel for said guardian ad litem. For his services in this capacity he was allowed $100 by the register, and to this portion of the report no exceptions were reserved, and therefore no assignments of error were presented thereto, nor is the matter argued in brief for appellant. This allowance, therefore, is without contest, although counsel for appellee argues the same at some length in his brief.

(1, 2) Upon the reference before the register examination was had of an attorney of the city of Mobile of much experience and practice, who testified that the sum of $2,000 would be a suitable compensation to be allowed complainant's solicitor. Among other things he testified in answer to question by counsel for appellees, as follows: "Upon your statement made to me that through your efforts you had procured for each of the devisees $500 in cash some time ago, and then a compromise which realized $1,200 additional, I think there are seven heirs, and basing my opinion on those

facts, I came to the conclusion that your services in recovering that sum and in making the compromise should be 15 per cent. on the first thousand and 10 per cent. on the remainder; that being in accordance with the fee bill adopted by the Mobile Bar Association."

The cases relied upon by counsel for appellant as denying the allowance of any counsel fees for the solicitor for the appellees (*Foster v. Foster,* 126 Ala. 257, 28 South. 624; *Jordan v. Farrow,* 130 Ala. 428, 30 South. 338), were decided prior to the passage of the act approved February 2, 1903 (General Acts of Alabama 1903, p. 33), and of course prior to the Code provision which we now have (sections 3010 and 5219 of the Code of 1907). Section 3010 of the Code provides as follows: "In all suits and proceedings in the probate courts and chancery and other courts of like jurisdiction, where there is involved the administration of a trust, or where there is involved the sale of property for distribution, or where there is a partition in kind of real or personal property between tenants in common, the court having jurisdiction of such suit or proceeding may ascertain a reasonable attorney's fee, to be paid to the attorneys or solicitors representing the trust, joint or common property, or any party in the suit or proceeding, and is authorized to tax as a part of the costs in such suit or proceeding such reasonable attorney's fee, which is to be paid when collected as the other costs in the proceeding to such attorneys or solicitors as may be directed or ordered by the court."

Speaking to this section, it was said in the case of *Wilks v. Wilks,* 176 Ala. 151, 57 South. 776: "This is a condification and improvement of the act of February 2, 1903. * * * We think it was not intended to authorize cestuis que trustent, or parties claiming

to be cestuis que trustent, to employ at the expense of the trust attorneys or solicitors for the litigation among themselves of adversary claims as to their respective interests in the trust. In such questions the trust as a trust is not interested, nor would it be equitable that other cestuis—not sui juris perhaps, as is the case with some of the distributees here—should be taxed through the trust fund or estate to carry on litigations, or specific and separable branches of litigations, in which they are not interested, as may well be the case."

The above case concerned the administration of an estate. It was not there questioned but that the section had reference to such an administration, and we are persuaded that such a case presents the administration of a trust within the meaning of this provision of the Code.

It is insisted that a literal construction of the act would authorize the taxation of an attorney's fee for the payment of an attorney for any party to the suit, whether such services were for the common benefit of all or not. Such a construction would, in our opinion, make that provision of the section now under consideration of doubtful constitutional validity.—*S. & N. A. R. R. Co. v. Morris,* 65 Ala. 199; *Smith v. L. & N. R. R. Co.,* 75 Ala. 451; *Birmingham W. W. Co. v. State,* 159 Ala. 120, 48 South. 658; *G., C. & S. F. R. R. Co. v. Ellis,* 165 U. S. 161, 17 Sup. Ct. 255, 41 L. Ed. 666.

It is recognized as an established rule of construction that it is the imperative duty of the court to uphold a statute when it is fairly susceptible of two interpretations, one which would uphold its constitutionality, and the other defeat it, though the adoption of the former be the less natural.—*State ex rel. Collman v. Pitts,* 160 Ala. 133, 49 South. 441, 686, 135 Am. St. Rep. 79. Furthermore, such a construction as contend-

ed for by counsel would lead to inequitable and unjust results; and, as was said by this court in *Blakeney v. Blakeney*, 6 Port. 109, 30 Am. Dec. 574: "To construe a statute according to its equity is nothing more than to give effect to it, according to the intention of the lawmakers, as indicated by its terms and purposes; hence it may either be extended or restrained by an equitable construction."—*Lane v. Kolb*, 92 Ala. 636, 9 South. 873.

Such an equitable construction was given to the statute in the case of *Wilks v. Wilks, supra,* wherein it was indicated that for such a fee to be taxed under this statute out of the common fund it must have been for services rendered for a matter in which the trust as a trust is interested, or for the common benefit of all. Indeed, we take it that this is the construction so fixed by the Legislature in adopting the Code, as shown in section 5219, Code of 1907, wherein these words are found, "When the services are for a common benefit of all." See, also, *Northern v. Tatum*, 164 Ala. 368, 51 South. 17. This construction rests upon the principle akin to that recognized in such cases as *Strong v. Taylor*, 82 Ala. 213, 2 South. 760; *Grimball v. Cruse*, 70 Ala. 534; *Trustees v. Greenough*, 105 U. S. 527, 26 L. Ed. 1157, *Central R. & Bkg. Co. v. Pettus*, 113 U. S. 116, 5 Sup. Ct. 387, 28 L. Ed. 915—wherein the principle is stated that where there is a common trust or fund and suit is instituted by one for the benefit of all, it is not just that one alone should bear the burden when others receive the benefit.

It can be readily seen that in the administration of a trust, instances may arise in which the distributees or beneficiaries may find the necessity to take the initiative in proceedings for the preservation or the recovery of a trust fund. But certainly under the con-

struction which we have given this section, for any party to the suit to be allowed counsel fees, it must clearly appear that such services were rendered in good faith and upon good cause, and for the common benefit of all. The statute by its language clearly shows that much is left to the sound discretion of the court.

(3) In the instant case, from the sum allowed counsel for appellee, and from the testimony offered before the register, we are persuaded that the construction which we here accord the statute was not followed in the court below. From the quotation of the witness, offered by appellees, as to his compensation, it appears he proceeded upon the assumption that counsel had recovered $1,700 for each of the distributees. We find no warrant for such an assumption in this regard. They were provided for by the will, inventory of the property was made by the executrix, and it was duly appraised. The assumption would proceed upon the theory that but for his services they would recover nothing. The record here leads us to no such conclusion. True, more than three years had elapsed since the granting of letters of executorship, and no final settlement had been made, but it appears that for this there was good cause, and it was so determined by the court, for the reason that testator indicated in his will that he thought it advisable to postpone a sale of his real estate for an expected enhancement in value, and it was expressly provided in the will that final settlement need not be made at the expiration of 12 months, if the executrix was of the opinion it would not be to the advantage of the estate. True, objections were filed to claims held by the executrix against the estate, but these objections were held to be without merit.

Counsel for appellee has taken no pains to point out to us, in a rather voluminous record, wherein the trust

fund was materially and actually increased in amount or volume by the services rendered, while, on the other hand counsel for appellant insist in their brief that there was no material increase therein. Counsel for appellee does insist, however, that the depositions of witnesses Lagomarsino and Ashe show that the executrix had secretly become the purchaser of some of the property of this estate, but it nowhere appears that the price paid and accounted for was inadequate, or was not the best price obtainable at that time.

One of the motions made by counsel for appellee seems to have been to require the executrix to pay over to Mrs. Carleton and Mrs. Rogers their share of a ecrtain fund. It is too clear for discussion that such motions are for the benefit of those distributees individually, and not for the common benefit of all, a question in which the trust as a trust is in no way interested, and for such services the statute makes no provision.

The executrix, on motion of counsel for appellee, was required to give bond, and the estate was removed into the chancery court for administration. Doubtless such service in this case may be considered as for the benefit of all and properly chargeable under the provisions of this statute.

There were a series of motions and petitions filed in this cause, very few of which received favorable response from the court. In the allowance of fees for counsel for the parties, as in this cause, where as here the trust, through the employment by the executrix, is represented by counsel, it should be kept in mind that ordinarily there should be an estate or fund discovered, rescued, or preserved, which would otherwise be beyond the reach of the parties interested, and that the parties should not be required to contribute to the expense of a barren litigation.—*Strong v. Taylor, supra.*

We do not mean to indicate that in every case the proceedings should actually result in an increase of the estate or its preservation, before any fees should be allowed, but in such instances the above rule is applicable to ordinary cases, and should be borne carefully in mind by the court administering the trust, so that no injustice may be done in the exercise of the sound judicial discretion vested in the court by the statute. In such a case the court should be clearly convinced that the litigation or proceeding was in perfect good faith, and rested upon good and sufficient cause, such as the court itself would have advised instituted, and it must clearly appear of course, as previously shown, that such proceedings were for the benefit of all, or the common fund or estate.

In fixing the compensation in such cases as here presented, the trust estate being represented by counsel, the court should exercise the greatest caution, and while the fact that the proceeding was unsuccessfully made, under the rule we have just stated, may not necessarily deprive the counsel of all compensation, yet in cases of this character it should be given much weight by the court in fixing the allowance, for it can only be allowed at all upon the principle that the services performed were for the benefit of those distributees or beneficiaries not joining in the employment, and in a proceeding which the court has determined should have been prosecuted in good faith, and upon probable cause. We do not see that if these rules are observed the construction here given the statute will result in any of the evils prophesied by counsel, but if so, that would be a matter that would address itself to the lawmaking body.

Here, as before stated, the executrix was represented throughout by counsel, and, as disclosed by the evidence, for his services in the entire administration he

received the sum of $506, which he testifies was a reasonable compensation. Counsel for appellees, representing seven of the distributees, is allowed the sum of $2,000. We think it clear from this record that the register in fixing the amount followed the testimony of the attorney, who testified for the appellees, and who fixed this sum as compensation, which testimony, as we think we have demonstrated, was based upon an incorrect assumption, and that the learned chancellor fell into error in the confirmation of such report, doubtless upon the well-known rule relating to the weight to be given the finding of the register on the facts.

The reference before the register upon this issue should have been confined solely to the services rendered by such counsel which were for the benefit of all or of a trust fund, and due account should have been given to the unsuccessful determination of many of the proceedings.

As previously stated, counsel for appellee has not pointed out to us wherein he has materially increased the estate. It may be that some of his efforts resulted in quickening the activities of the executrix to a more faithful discharge of her duties, and to a more careful regard for the rights and interests of the distributees, and had their influence in bringing about an advantageous settlement between the parties. If the court finds that such was the case, this may be taken into consideration in determining the question of compensation, and as to whether or not any beneficial results followed any services rendered; but, as these are matters which were not inquired into and do not appear to have been considered upon the reference in this cause, we do not feel justified in here rendering a decree, but in the present state of the record we think it proper to remand the cause that another reference may be held.

[McQuiddy v. King, et al.]

The decree of the chancery court, in so far as the same confirms the report of the register as to the fee for counsel for the guardian ad litem, and as to distribution of the estate, is affirmed; and as to that part of said decree confirming the report of the register allowing the sum of $2,000 as a fee for counsel for appellees, the same is hereby reversed, and the cause is remanded to the chancery court, with the costs of this appeal to be taxed against the appellees.

Affirmed in part, and in part reversed and remanded.

ANDERSON, C. J., and MAYFELD and SOMERVILLE, JJ., concur.