We granted the writ of certiorari in this case to review the decision of the Court of Criminal Appeals in this case that reversed the trial court for denying the plea of former jeopardy of Ethel Morgan Woods. Her plea was filed on the occasion of her being brought to trial for the second time; a mistrial had been declared during the course of her first trial.
During her first trial the district attorney called to the attention of the trial judge a conversation between her mother and a juror. The judge, who also observed the conversation, placed the juror under oath and discovered the juror had known Ethel Woods for practically all of her life. Upon motion of the district attorney, there being no objection by her counsel, a mistrial was declared. Pursuant to § 12-16-233, Code 1975, the reason for mistrial entered upon the minutes was: "due to conduct of juror."
On the occasion of retrial, she filed a plea of former jeopardy. It was denied and she was convicted of manslaughter in the first degree.
The full detailed facts are reported in the opinion of the appellate court. See Woods v. State, 367 So.2d 974 (1978).
The sole issue before this court is whether there was a manifest necessity for the discharge of the jury without a verdict or whether the ends of justice would be defeated if the jury had not been discharged. § 12-16-233, Code 1975.
Resolution of that issue determines whether Ethel Woods' plea of former jeopardy was erroneously denied in violation of Art. 1, § 9, Const. of Ala., 1901 and Amend. V, Const. of United States.
Whether being placed on trial after a mistrial is declared constitutes double jeopardy depends upon the circumstances surrounding the mistrial. Manifest necessity must be demonstrated before a mistrial is declared over the objection of the defendant. Arizona v. Washington, 434 U.S. 497,98 S.Ct. 824, 54 L.Ed.2d 717 (1978). In this case there was no objection. However, we need not address the effect of the failure to object since we find that a manifest necessity was demonstrated sufficient to permit the trial judge, in the exercise of his broad *Page 984 
discretion, to declare the mistrial and discharge the jury without a verdict.
There is no constitutional requirement that a mistrial beabsolutely necessary. Only a high degree of necessity need be demonstrated. A trial judge is allowed the exercise of broad discretion in deciding whether that high degree of necessity is present. Neither is there any constitutional requirement that the finding of manifest necessity be explicit. Arizona v.Washington, supra. See also Shadle v. State, 280 Ala. 379,194 So.2d 538 (1967).
Section 12-16-233, Code 1975, requires the trial judge to assign the reason or cause for the mistrial upon the minutes of the court. In this case the minute entry reflects the mistrial was declared "due to conduct of juror." That conduct was the conversation between the juror and defendant's mother. The opinion of the appellate court also reveals the juror had known defendant for practically all of her life. In the discretion of the trial court these facts made necessary the declaration of mistrial. We will not interfere with the exercise of that discretion unless there is clear abuse of it; here there was not. Shadle, supra. Manifest necessity for a mistrial is not determined by whether in fact the event precipitating the mistrial did influence the juror, but whether it might have unlawfully influenced the juror. Oliver v. State, 232 Ala. 5,166 So. 615 (1936). The fact that a juror who knew the defendant was seen by the court conversing with the defendant's mother was sufficient to raise a presumption of vitiating influence; a presumption unrebutted by the defense.
It is the trial court's duty to preserve the impartiality of the jury. Even the appearance of impropriety may infect public respect for the verdict. United States v. Hewitt, 517 F.2d 993
(3rd Cir. 1975). In this instance defendant's valued right to have her first trial completed must be subordinated to the public's interest in fair trials designed to end in just results. Wade v. Hunter, 336 U.S. 684, 69 S.Ct. 834,93 L.Ed. 974 (1949).
The trial court did not abuse its discretion in declaring the mistrial, and defendant was not placed in double jeopardy. Therefore, the judgment of the Court of Criminal Appeals must be, and is hereby, reversed and the case remanded to that court.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES and BEATTY, JJ., concur.