[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1318 
The appellant was indicted for murder under § 13A-6-2, Code of Alabama 1975, by a grand jury of Clarke County, charging that he intentionally caused the death of William C. Darrington by shooting him with a rifle.
Upon a plea of not guilty a jury was duly selected, including two alternate jurors under the provisions of § 12-16-100, as amended, Code of Alabama 1975, and the trial resulted in a verdict of "guilty of manslaughter," a Class C felony which is a lesser included offense of murder. The trial judge imposed sentence of imprisonment of ten years, and the present appeal is from the final judgment of conviction and sentence.
On the morning of the second day of trial, the judge received notice that one of the principal jurors, a Mrs. Overstreet, may have received an unauthorized communication from her husband after she had been selected as a juror for this trial.
The judge promptly held a hearing in camera at which the juror was questioned by the court and counsel for appellant. The hearing revealed that the juror's husband had handed her a written note at the time he delivered to her some personal effects the night before while the jury was sequestered for the trial. She had mentioned this incident to the bailiff and asked his advice as to what she should do.
The note was as follows: "Go see that judge first thing in the morning and tell him about me knowing them. I don't want you on this trial. Elwood." At the hearing, Mrs. Overstreet testified that her husband had orally given her the same message at the time he handed her the note. She testified that her husband was raised among the people involved, but she did not know them except by name. Her husband did not indicate how he wanted her to decide *Page 1319 
the case, and she said she would be able to give a fair and impartial trial on behalf of both the defendant and the State. Her husband just did not want her up there, but this would not in any way influence her opinion and she did not know her husband's feelings one way or the other about the defendant. She had no opinion one way or the other, but her husband knew the families of both sides.
After this hearing, the trial judge stated that he would consider whether or not this juror would remain on the jury or be replaced by an alternate at a later time.
Whereupon, the appellant moved for a mistrial on the ground that communications had been had with the jury contrary to law and the instructions of the court. This motion was overruled, and the trial was resumed with no change in the jury that had been originally selected.
The following day, immediately before the case was submitted to the jury for its deliberations, the judge excused Mrs. Overstreet from the jury and substituted in her place the first alternate juror. He also excused the second alternate and submitted the case to the remaining eleven principal jurors and the first alternate. The jury thus organized rendered the verdict in the case.
The appellant in open court excepted to the ruling of the court in excusing Mrs. Overstreet and bringing forward the first alternate, and assigned as grounds that Mrs. Overstreet had testified her husband had not communicated his feelings one way or the other to her, and she knew none of the parties involved and nothing about the case, and had an open mind.
The judge stated that the basis of his decision was the written communication to the juror and the possibility that her impartiality might be impaired thereby.
Under these facts we find no error in the denial of the motion for a mistrial or the replacement of the principal juror by the first alternate.
A mistrial should not be granted unless there is a manifest necessity to discharge the jury or unless the ends of justice would otherwise be defeated. Hallman v. State, 36 Ala. App. 592,61 So.2d 857 (1952); Crouch v. State, 53 Ala. App. 261,299 So.2d 305, cert. denied, 292 Ala. 718, 299 So.2d 312 (1974);Diamond v. State, 363 So.2d 109 (Ala.Cr.App. 1978); Woods v.State, 367 So.2d 982 (Ala. 1978).
A trial judge is allowed broad discretion in deciding whether under the law a ground for a mistrial exists. Brewer v. State,24 Ala. App. 410, 137 So. 454 (1931); Hallman, supra; Ballard v.State, 51 Ala. App. 393, 286 So.2d 68, cert. denied, 291 Ala. 772, 286 So.2d 72 (1973); Woods, supra.
The presence of the trial judge at the scene places him in the best position to determine what effect, if any, some event may have upon the ability of the jury to render a just and true verdict in the case, and his decision in this matter will not be reversed except for a clear abuse of discretion. Franks v.State, 45 Ala. App. 88, 224 So.2d 924 (1968); Shadle v. State,280 Ala. 379, 194 So.2d 538 (1967); Woods, supra.
In the present case the unauthorized communications reached one juror only, and no other juror was involved or affected. There was no cause under these facts to declare a mistrial and to discharge the entire jury. If one principal juror should become disqualified, as the trial judge so found, this could be corrected by bringing forward an alternate as a substitute, and a mistrial thus avoided. The trial judge followed this course, which is contemplated by the statute that authorizes the selection of alternate jurors, and we find no error in his denying the motion for a mistrial under the facts of this case.Hallman, supra; Woods, supra.
Nor do we find error in the ruling of the court in discharging Mrs. Overstreet as a principal juror in favor of the first alternate under the provisions of § 12-16-100 (c), as amended, Code of Alabama 1975. *Page 1320 
Subsection (c) provides for the use of an alternate "if it becomes necessary for an alternate to replace a principal juror. . . ."
The use of alternate jurors under this salutary statute permits the court to avoid a costly and burdensome mistrial that would otherwise be required when a juror during the trial becomes unable to perform his duties satisfactorily. We find that the trial judge made such use of this statute.
Whether it is necessary for an alternate juror to replace a principal juror under § 12-6-100 (c), as amended, Code of Alabama 1975, is a decision within the sound discretion of the trial judge, subject only to review for an abuse of discretion.Winstead v. State, 53 Ala. App. 222, 298 So.2d 642, cert.denied, 292 Ala. 761, 298 So.2d 646 (1974); Gaffney v. State,342 So.2d 403 (Ala.Cr.App. 1976), cert. denied, 342 So.2d 404
(Ala. 1977); Cox v. State, 394 So.2d 103 (Ala.Cr.App. 1981).
The test of whether a potentially prejudicial event has disqualified a juror does not necessarily require proof that prejudice has in fact been created in the juror, but that prejudice might unlawfully influence such juror. Woods, supra.
In determining what action to take when a potentially prejudicial event has occurred, the trial judge may take into account the desirability of maintaining public confidence in the judicial process and that the appearance of impropriety, if uncorrected, may infect respect for the verdict of the jury.Woods, supra.
Without dispute, the principal juror had received during the trial an unauthorized communication that pertained to her serving as a juror on the trial then in progress; and although she testified she had an open mind and was not influenced by the communication, it was for the trial judge, who was on the scene and who saw and heard the witness, to determine whether under all the circumstances it was necessary to replace her on the ground that she had become unable to perform her duties satisfactorily. Winstead, supra; Woods, supra.
We find no abuse of discretion in the ruling of the court in this respect, nor do we find error in the judge's delay in replacing her from the second day of trial, when the event first came to his attention, to the third day immediately before the case was submitted to the jury. We are unable to assume that the excused juror improperly influenced the other jurors, especially in view of the court's instructions to the jury at the commencement of the trial that they were not to discuss the case among themselves until it was submitted to them for deliberation, and the absence of any intimation or suspicion of improper conduct on her part while on the jury.
As a ground for reversal, the appellant urges in this court that § 13A-5-6 (a)(5), as amended, Code of Alabama 1975, under which he received a ten year sentence for a Class C felony involving the use of a firearm, is violative of the due process clause and the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.
Section 6 (a) is as follows:
 "(a) Sentences for felonies shall be for a definite term of imprisonment, which imprisonment includes hard labor, within the following limitations:
 "(1) For a Class A felony, for life or not more than 99 years or less than 10 years.
 "(2) For a Class B felony, not more than 20 years or less than 2 years.
 "(3) For a Class C felony, not more than 10 years or less than 1 year and 1 day.
 "(4) For a Class A felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 20 years.
 "(5) For a Class B or C felony in which a firearm or deadly weapon was used or attempted to be used in the commission of the felony, not less than 10 years." *Page 1321 
Subdivisions (4) and (5), which require a mandatory minimum sentence when a firearm or deadly weapon is used or attempted to be used, were added by the legislature in an amendment effective May 27, 1981.
Specifically, the argument of the appellant is that the statute, which requires imposition of a mandatory minimum sentence in the case at bar of ten years for conviction of a Class C felony involving use of a firearm, is violative of the Due Process and Equal Protection clauses of the Fourteenth Amendment to the Federal Constitution. He argues that although the State may classify offenses according to their nature and affix penalties according to discretion, such classification must rest on some reasonable difference in relation to which the classification is proposed in order to save the act from violating the equality clause; and that the act in question is invalid because the same mandatory minimum sentence of ten years is imposed for both a Class B and a Class C felony in spite of the variance in severity of these two classes of felonies.
He further argues that the statute arbitrarily imposed a mandatory minimum sentence on the appellant for use of a firearm and did not allow the trial court to inquire into mitigating circumstances or whether the appellant is a first offender.
In support of his arguments, he cites Birmingham WaterworksCo. v. State, 159 Ala. 118, 48 So. 658 (1909); Hubbard v.State, 382 So.2d 577 (Ala.Cr.App.), affirmed, Ex parte Hubbard,382 So.2d 597 (Ala. 1980);[1] and Evans v. Britton, 472 F. Supp. 707
(S.D.Ala. 1979), reversed 628 F.2d 400 (5th Cir. 1980), modified, 639 F.2d 221 (5th Cir. 1981), reversed Hopper v.Evans, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982).
We hold that these arguments are not well taken and that the statute in question is valid as against the attack made thereon.
The general rule is found in In re Opinion of the Justices,410 So.2d 60 (Ala. 1982), at page 61:
 "Generally, any law with respect to the punishment to be given must operate equally on every citizen or inhabitant of the state, and a statute is void as a denial of equal protection of the laws which prescribes a different punishment or different degree of punishment for the same acts committed under the same circumstances by persons in like situations."
Under this principle, a statute that imposed a fine in a certain amount upon an individual and a different fine upon a corporation for the same criminal act was declared invalid in the cited case of Birmingham Waterworks Co., supra.
But separate treatment of defendants does not violate the equal protection clause so long as that treatment is reasonable and founded on a rational basis. Wheatt v. State, 410 So.2d 479
(Ala.Cr.App. 1982).
Section 6 (a)(5) treats alike Class B and Class C felonies, although Class B felonies in general require a more severe sentence under § 6 (a)(2) — two to twenty years — than Class C felonies receive under § 6 (a)(3) — one year and a day to ten years.
Joining Class B and Class C felonies under § 6 (a)(5) is reasonable and is founded on a rational basis and is not violative of the equal protection clause. The purpose of requiring a mandatory minimum sentence of ten years when a firearm is used is an effort by the legislature to protect the public from physical injury and death at the hands of violent criminals, whether the felony be Class B or Class C. It is a warning to potential criminals that they face a severe and fixed sentence if they use a firearm under these conditions. It is also intended to remove dangerous criminals from society during a substantial *Page 1322 
period for the protection of society. In enacting criminal statutes the legislature is not required to limit itself to considerations of reformation of the criminal.
Certain Class C felonies constitute great physical danger to the victim, or the public, if committed with a firearm, which makes it reasonable and rational for the legislature to group such felonies with the more serious Class B felonies for imposition of a mandatory minimum sentence when a firearm is used.
Among such Class C felonies which increase the danger to the public when a firearm is used are: Manslaughter, § 13A-6-3; assault in the second degree, § 13A-6-21; rape in the second degree, § 13A-6-62; sodomy in the second degree, § 13A-6-64; sexual abuse in the first degree, § 13A-6-6; burglary third degree, § 13A-7-7; criminal mischief first degree, § 13A-7-21; breaking and entering a vehicle, § 13A-8-11 (b)(3); extortion second degree, § 13A-8-15; robbery third degree, § 13A-8-43; impersonating a peace officer, § 13A-10-11; escape second degree, § 13A-10-32; escape third degree, § 13A-10-33; facilitating escape first degree, § 13A-10-34; hindering prosecution first degree, § 13A-10-43; and intimidating a witness, § 13A-10-123.
In fixing punishment, it is reasonable for the legislature to take into account that the danger to the victim is the same when the criminal uses a firearm, whether the felony be Class B or Class C; and on this basis to join them for punishment.
In reviewing prior decisions involving laws similar to the one presently before us, we find that in this State the courts have upheld statutes imposing mandatory minimum sentences as against the contention that they violate the equal protection and due process clauses and the prohibition against cruel and unusual punishment.
The mandatory death penalty has been upheld against one who is convicted of murder in the first degree while serving a life sentence. Thigpen v. State, 355 So.2d 392 (Ala.Cr.App. 1977),affirmed, 355 So.2d 400 (Ala. 1978).
The statute imposing a mandatory minimum sentence without parole or probation upon one who is convicted of trafficking in illegal drugs in excess of a stated quantity does not offend the equal protection clause or the prohibition against cruel and unusual punishment. Wheatt, supra.
As against the contention of a denial of equal protection of the law, due process of law, and the inability of the court to consider mitigating circumstances, the courts have upheld §13A-5-9, Code of Alabama 1975, which imposes a mandatory minimum sentence upon habitual offenders. Thatch v. State,397 So.2d 246 (Ala.Cr.App.), cert. denied, 397 So.2d 253 (Ala. 1981); Douglas v. State, 406 So.2d 1051 (Ala.Cr.App.), cert.denied, 406 So.2d 1053 (Ala. 1981); Holley v. State,397 So.2d 211 (Ala.Cr.App.), cert. denied, 397 So.2d 217 (Ala. 1981).
These cases recognize that the legislature alone is given the power to fix the limits of punishment for criminal offenses, and the courts are bound in the imposition of punishment to the authority granted to them by the legislature, in the absence of constitutional infirmities in the statute.
Even where the punishment prescribed by the legislature is severe by reason of its extent, as distinguished from its nature, there is no collision with the Eighth Amendment.Beasley v. State, 408 So.2d 173 (Ala.Cr.App. 1981), cert.denied, 408 So.2d 180 (Ala. 1982).
Our decision in upholding the constitutionality of the act in question is in accord with decisions from other jurisdictions, which hold that a statute requiring the imposition of a mandatory minimum sentence, or an increased sentence, for conviction of a felony when a firearm is used in the commission thereof, does not violate the equal protection clause, the due process clause, or the prohibition against cruel and unusual punishment, of the Federal Constitution, nor does it violate the separation of the legislative and judicial powers. Sowellv. State, 342 So.2d 969 (Fla. 1977); Ansell v. *Page 1323 Commonwealth, 219 Va. 759, 250 S.E.2d 760 (1979); State v.Freeman, 223 Kan. 362, 574 P.2d 950 (1978); State v. Warner,52 Or. App. 987, 630 P.2d 385 (1981); State v. Parker, 128 Ariz. 107,624 P.2d 304 (Ct.App. 1980), other portion of opinion vacated, 128 Ariz. 97, 624 P.2d 294 (1981).
The cases of Hubbard, supra, and Evans, supra, cited by appellant, involve the death penalty, which is inapplicable to the issues in the present case.
On the authority of the cases cited from this and other jurisdictions, we hold that § 13A-5-6 (a)(5), as amended, Code of Alabama 1975, is not violative of the constitutional provisions urged against it by appellant; and that the trial court did not err in imposing sentence of imprisonment of ten years upon the appellant for conviction of manslaughter, a Class C felony in which a firearm was used in the commission thereof.
We find no error in the record, and, therefore, the judgment should be, and the same is hereby, affirmed.
The foregoing opinion was prepared by the Honorable GARDNER GOODWYN, Jr., Retired Circuit Judge, temporarily on duty on the court pursuant to § 12-2-30 (b)(6), Code of Alabama 1975; his opinion is hereby adopted as that of the court.
AFFIRMED.
TYSON, HARRIS and SAM W. TAYLOR, JJ., concur.
BOWEN, P.J., concurs in result only.
[1] The decision of Ex parte Hubbard, 382 So.2d 597 (Ala. 1980), was later reversed on the second application for rehearing at405 So.2d 695 (Ala. 1981); and the Alabama Court of Criminal Appeals on the authority of such reversal rendered its opinion at 405 So.2d 695 (1981), reversing the judgment of the trial court.