LEIGH M. CLARK, Retired Circuit Judge.
A jury found this appellant guilty on a trial on an indictment in pertinent part as follows:
“DONALD WALKER SARANTHUS ... did intentionally obtain services known *1249 by him to be available only by compensation, to-wit: lodging, by means to avoid compensation, to-wit: by giving a false name upon registration and leaving premises without paying for lodging, causing a loss of revenue to Quality Inn, in the amount of Two Hundred Sixty & 21/100 Dollars ($260.21), in violation of § 13A-8-10.2 of the Code of Alabama. ...”
No question has been raised as to the sufficiency of the indictment, but we note that the section of the Code alleged to have been violated provides that the “theft of services which exceeds $100.00 in value but does not exceed $2,000.00 in value constitutes theft of services in the second degree” and that it constitutes “a Class C felony.” The conviction resulted in a sentence to imprisonment for life, it having been shown at the sentencing hearing after due notice to defendant and proof that defendant had had a sufficient number of previous felony convictions, more than the required three, to permit the sentence to life imprisonment. No contention to the contrary is made on appeal.
No contention is made by appellant to the effect that there was not sufficient evidence to support the verdict and judgment. We consider it unnecessary for us to narrate the evidence generally, and we limit our narration to pertinent issues presented on appeal, which will be deferred until such issues are considered herein. We merely state that in our opinion there was substantial evidence of the facts alleged in the indictment. The defendant did not testify.
I.
Appellant’s attorney, who represented defendant on the trial of the case also, states in the brief on behalf of appellant that the trial court “abused its discretion in refusing to grant appellant’s motion for a continuance based upon the prosecutorial misconduct in representations to defense counsel.” The motion for a continuance was preceded by a recusal, on motion of defendant’s attorney, of one of the resident circuit judges of the Thirteenth Judicial Circuit and the assignment of the case for trial to a retired circuit judge from the adjoining county of Baldwin, Judge Telfair J. Mashburn.
The court reporter’s transcript of the proceedings shows that the trial of this case was commenced and ended on May 2, 1984. Sometime that day, defendant’s attorney filed a document in handwriting as to the case now under consideration and as to five other cases then pending against defendant in the Circuit Court of Mobile County. The document is captioned: “Defendant’s Objection and Motion for Continuance.” In the first paragraph of the motion, it is stated that State’s attorney “represented, during negotiations and discovery conferences with” defendant’s attorney, that defendant would be tried in three other cases, instead of the instant case. In the second paragraph of the motion it is stated:
“Two days before trial, after defense counsel subpoenaed witnesses for the trial that the prosecutor assured Defendant and his attorney would be tried on May 2, 1984,”
and State’s attorney “informed” defendant’s attorney “that the original charges that were planned to go to trial on May 2, 1984, would not be tried” and that the State would proceed to the trial of the instant case. It is alleged in the same paragraph, “Defense counsel was scheduled to attend conference in Pensacola on that Monday, two days before trial. Defense counsel also had five other trials to prepare for in the coming week, one of them a murder trial set for May 7, 1984.” The record does not indicate that a ruling on the written motion was ever requested until after the court, presided over at the time by Judge Mashburn, arranged for the attendance of a panel of jurors from which the jury to try the case was to be selected and the selection of such jurors by the process of striking, in which defendant and his attorney participated, was completed. The jury was directed by the trial judge to take a recess, given cautionary instructions *1250 with reference to what they should do and not do at the recess, and then during said recess defendant’s attorney made known to Judge Mashbum that defendant had been “ready on the other cases” but by reason of what she considered her understanding with the State’s attorney, the defendant was not ready for trial in the case now on appeal. In an effort to find out why defendant was not ready, the following occurred:
“THE COURT: Let me ask you this now, just to be sure that we’ve got the record: What difference — What would you have here today if you’d known last Monday that this was the case you were going to try that you don’t have now?
“MS. PERRY [Defendant’s attorney]: Okay, Judge. We do have some witnesses: Doug Hall and—
“THE DEFENDANT: And Mary Hall.
“MS. PERRY: And Mary Hall.
“And who was the other witness?
“THE DEFENDANT: Anita Saranthus.
“MS. PERRY: Anita Saranthus.
“THE COURT: What would they testify that would affect this case?
“MS. PERRY: Okay. You told me you all were all in the motel?
“THE DEFENDANT: Would that not be disclosing to the prosecution—
“MS. PERRY: What?
“THE DEFENDANT: —beforehand? (Discussion at counsel table, off record.)
“MS. PERRY: They, basically, would have testified to defense matters brought out—
“THE COURT: I want that in the record — what it would be. He is charged with registering under a false name at this place and of leaving there without paying them. Now, what would three or four people out yonder be able to testify that would change that?
“MS. PERRY: Your Honor, just—
“THE DEFENDANT: Judge, may I say—
“THE COURT: You can say anything you please. I’m trying to get this record straight.
“THE DEFENDANT: All right. These witnesses would clarify that there was no intention of deceiving this—
“THE COURT: How in the hell would they know what your intention was?
“THE DEFENDANT: Because the man is one — and my ex-wife is the one that was supposedly to walk in and pay the bill the day that I left; and the man that gave me the money for the bill to be paid and his wife were present at the time that this lady, my ex-wife, was given the money to go pay the bill. And this had happened once before.
“MR. McGREGOR: Judge, just for purposes of the record, is it my understanding from what Mr. Saranthus is saying that he intended to call his ex-wife, Anita Saranthus, to provide an alibi for him?
“MS. PERRY: Now, for purposes of the record, this is what Mr. Saranthus is—
“MR. McGREGOR: I understand.
“MS. PERRY: I’m the attorney. All I would have liked was your consideration in helping me — in giving me time to prepare the case, since there are six. I had prepared — I had talked to my witnesses, subpoenaed them all, gotten transcripts—
“MR. McGREGOR: Judge, Anita Saran-thus should be upstairs. She will be here. Doug and Mary Hall are non-existent, Judge.
“THE COURT: All right. Let the record show that the court denied the motion for a continuance.
“MS. PERRY: Thank you, Your Honor.”
Without any semblance of approval of the manner in which the motion or request for a continuance was handled by anyone concerned in the trial court, we are of the opinion that the trial court cannot be placed in error in denying defendant’s motion for a continuance. As much as was said on the subject, neither defendant nor his attorney gave any clear reason why the case should be continued or for the delay in invoking such ruling until after a jury had been selected to try the case.
*1251 II.
Appellant’s next contention for a reversal is that the trial court committed reversible error “in allowing Assistant District Attorney Jay Kimbrough to testify as a prosecution witness regarding the identity of appellant at trial.” The contention is directed at two particular parts of the transcript of the proceedings, the first of which is as follows:
“MR. McGREGOR: Judge, the State calls Jay Kimbrough.
“MS. PERRY: Your Honor, may we — we are going to object to Mr. Kimbrough testifying, because he’s an attorney and he’s been present in the court the whole time.
“THE COURT: Well, I didn’t hear anybody say anything about the rule.
“MS. PERRY: Well, Your Honor, the DA [Mr. McGregor and Mr. Kimbrough were both Assistant District Attorneys] said he was only going to call one witness.
“THE COURT: Well, okay. I’m going to let the man testify. Overrule your objection. I don’t know why you ...”
The second pertinent part of the transcript is found after Mr. Kimbrough’s brief testimony on direct and cross-examination and the State had rested and the jury had been excused from the courtroom, when the following occurred:
“MS. PERRY: Your Honor, for the record, we have stated our objection to Mr. Kimbrough testifying, because he was present in the courtroom after Mr. McGregor—
“THE COURT: I don’t know why you brought him in here if you were going to use him to testify, Mr. McGregor.
“MS. PERRY: Judge, just—
“MR. McGREGOR: Judge, I’ll be happy to explain to you.
“MS. PERRY: Judge, may I finish my objection first? We are further objecting to and moving for a mistrial — that was prosecutorial conduct — and the fact that it led these people to infer that this man has had cases before. Because he said he didn’t know — for him to get up here and say he knows the man, is an anomaly to begin with. He does not know the man. He testified he does not know. He has seen him in court. That’s letting very prejudicial and inflammatory impact on the jury, and it was improper behavior on Mr. McGregor’s part and it’s grounds for mistrial and we are moving for one.
“THE COURT: And I deny the motion.
“MR. McGREGOR: Thank you, sir.”
We are unable to conclude that there is no reasonable basis for the position taken by appellant’s attorney, which is not inconsistent with the position taken by her in the trial court, that the “sole function of this action on the part of the prosecutor was to prejudice the jury against Appellant and to make it apparent to the members thereof that the Appellant had a prior criminal record, especially since Mr. Kimbrough admitted to not knowing Mr. Saranthus, the defendant, personally.” Neither can we conclude with reasonable certainty that the sole function of the testimony of Mr. Kimbrough was “to make it apparent to the members” of the jury “that the Appellant had a prior criminal record.” The only other witness testifying on call of the State was Ms. Barbara Rouse, an employee of Quality Inn, who testified that on June 22, 1983, she had “an occasion ... to register a man at the front desk of the Quality Inn here in Mobile County who registered under the name of Ronald Napier” and she identified on the trial the man that registered as follows:
“Q. And is that man in court here today, please?
“A. Yes. That’s him sitting right there (indicating).
“Q. The gentleman with the beard and the brown jacket?
“A. That’s him.
“Q. The defendant. And when he registered back in June of 1983, did he have a beard?
“A. No, he did not.
“Q. But that is the same man?
“A. That is the same man.
*1252 “Q. And do you recall how long he stayed?
“A. Well, he checked in on the 22nd, and he had to have been there the 25th, because we ran the room and tax on him that night.”
As to the defendant’s objection to Mr. Kim-brough’s testifying as quoted above, we cannot say that the trial court was in error in overruling defendant’s objection. As to the motion of defendant’s attorney for the trial court to declare a mistrial by reason of the witness’ testimony and the conduct of the State’s trial attorney in eliciting the testimony from Mr. Kimbrough, we note with approval that the trial judge expressed some concern by the statement made by him, “I don’t know why you brought him in here if you were going to use him to testify, Mr. McGregor.” With due regard to all that is shown by the transcript of the proceedings, we are not persuaded that the trial court was in error in denying defendant’s motion for a mistrial. By such ruling the trial court was acting in compliance with Code of Alabama 1975, § 12-16-233, which wisely leaves it to the sound discretion of the trial court to determine whether a mistrial should be granted under any circumstances comparable to the circumstances under consideration in this case. Andrews v. State, 174 Ala. 11, 56 So. 998 (1911).
“The granting of a mistrial is addressed to the broad discretion of the trial judge and his ruling will not be revised on appeal unless it clearly appears that such discretion has been abused. Woods v. State, 367 So.2d 982 (Ala.1978). Where error is eradicable a mistrial is too drastic and is properly denied. Van Antwerp v. State, Ala.Cr.App., 358 So.2d 782, cert. denied, 358 So.2d 791 (Ala.1978).” Chillous v. State, Ala.Cr.App., 405 So.2d 58, 61 (1981)
Appellant cites Stringer v. State, Ala.Cr.App., 372 So.2d 378 (1979), and Maund v. State, 254 Ala. 452, 48 So.2d 553 (1950), in support of the issue now under consideration. We adhere to what was held in both cases on the point. In Maund v. State, at 48 So.2d 561, it is stated:
“Appellant insists that the circuit solicitor and the assistant solicitor should not have been allowed to testify in the cause and to further prosecute the same. The rule governing such procedure is well stated in 70 Corpus Juris, page 183, as follows: ‘Although a prosecuting attorney is competent to testify, his testifying is not approved by the courts except where it is made necessary by the circumstances of the case, and, if he knows before the trial that he will be a necessary witness, he should withdraw and have other counsel prosecute the case. The propriety of allowing the prosecutor to testify is a matter largely within the trial court’s discretion.’ ”
III.
By the third and final issue presented by appellant, he complains of the action taken by the trial court during the closing argument of counsel for the State as shown by the transcript as follows:
“MR. McGREGOR: That’s what it’s all about. The man — pardon the expression, folks — is a bum.
“MS. PERRY: Judge, I’m going to object to that. That’s improper, and I move for a mistrial.
“THE COURT: And I deny the motion. I just suggest, though, that you not use those kind of terms about the defendant, Mr. McGregor.
“MS. PERRY: Your Honor, that is clearly prosecutorial misconduct.
“THE COURT: I have ruled. You can take an exception to my ruling. I am telling him not to do it again.
“MS. PERRY: Yes, sir. We except.
“THE COURT: Now, go ahead.
“(Mr. McGregor continued his closing statement to the jury during which the following occurred:)
“MR. McGREGOR: What kind of person walks out of places without paying for services he’s received?
“MS. PERRY: Judge, I’m going to object to that. That’s improper. That calls *1253 for prejudicial, irrelevant character evidence. That’s not relevant in this trial.
“THE COURT: I overrule the objection.
“(MR. McGREGOR CONTINUED HIS CLOSING STATEMENT TO THE JURY WITHOUT FURTHER OBJECTION FROM COUNSEL FOR THE DEFENSE.)”
It is to be noted that defendant’s counsel invoked a second ruling by the trial court by motion for a mistrial before the trial judge had an opportunity to rule on the immediately preceding invocation of a ruling by the objection to the statement of defendant’s counsel referring to the defendant as “a bum.” By the statement of the trial judge, he made it clear that he did not consider the appellation proper argument and that he would have expressly sustained defendant’s objection if defendant’s attorney had given him time to do so. The trial judge stated as soon as he could have reasonably done so, without interrupting defendant’s counsel’s remarks, that the trial judge considered the argument objectionable but did not require a mistrial. We agree with both statements of the trial judge, the one in disapproval of the argument and the other in denying defendant’s motion for a mistrial.
Our consideration of all the issues presented by appellant leads us to the conclusion that no error was committed by the trial court prejudicial to defendant and that its judgment should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.